# EXHIBIT A

1076

1 | JONES & VAN STOCKUM
2 | 404 North Second Ave.
  | Upland, Ca.  91786
3 | (714) 946-6679

F I L E D
RIVERSIDE COUNTY

MAR 9 1987

WILLIAM E. CONNERLY, Clerk

N. Martinez
N. Martinez
Deputy

7 | Attorney for Ken Ketner

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF RIVERSIDE          346

13 | KENNETH KETNER,                    )   Case No.  185461
                                        )
14 |              Plaintiff,            )
                                        )   WRONGFUL TERMINATION,
15 | -vs-                               )   ACCOUNTING FOR COMPENSATION
                                        )   DUE, DECLARATORY RELIEF,
16 | GMAC MORTGAGE CORPORATION OF       )   LOSS OF COMPENSATION DUE TO
   | PA, DOES I through V, Inclusive,   )   NEGLIGENCE, PUNITIVE
17 |                                    )   DAMAGES.
                                        )
18 |              Defendants.           )
                                        )
19 |                                    )

20 |       FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION

21 |       For a first cause of action for wrongful termination

22 | plaintiff alleges:

23 |       1.  Plaintiff was at all times mentioned herein and is now

24 | an individual who is a resident of the County of San Bernardino.

25 |       2.  The defendant, GMAC Mortgage Corporation of PA, at all

26 | times mentioned herein was and now is a corporation, the exact

27 | state of incorporation is unknown to the plaintiff.  The

28 | defendant, at all times mentioned herein, has and does now

i

1   conduct business in the State of California.

2       3.   The true names and capacities, whether individual,

3   corporate, associate, or otherwise, of the defendants named

4   herein as Does I through V are unknown to plaintiff, who

5   therefore sues said defendants by such fictitious names, and

6   plaintiff will amend this complaint to show their true names and

7   capacities when the same have been ascertained.

8       4.   The defendant at all times mentioned herein did and does

9   now maintain an office in the City of Riverside, County of

10  Riverside, State of California.

11      5.   Plaintiff, prior to any employment by the defendant was

12  a person who had worked as an originator of loans secured by real

13  property in the State of California and had for a number of years

14  been engaged in the mortgage brokerage business as well as the

15  business of development of real property.  Plaintiff had for a

16  number of years prior to employment by the defendant herein been

17  a successful mortgage broker.

18      6.   The defendant, through its duly authorized agent, Gary

19  Lambeth, contacted the plaintiff in September of 1984 and asked

20  the defendant to consider employment with the defendant on the

21  following terms and conditions:

22          (A)  Compensation to be on the basis of a regular

23  commission schedule plus a servicing override of 50% of 1.65% on

24  all government loans and 50% of 1.35% of all conventional loans.

25  In addition to the compensation the plaintiff was to be

26  reimbursed at the rate of $500 per month.

27          (b)  Based upon the oral representations of the

28  defendant, through its duly authorized agent, Gary Lambeth, the

2

11

1  plaintiff became the loan originator of the office maintained by
2  the defendant in the City of Riverside.

3  　　　　(c)  During the first 30 days of plaintiff's employment
4  the plaintiff originated an excessive amount of loans by Industry
5  Standards.  When the Plaintiff requested a written compensation
6  contract for the loans originated by the plaintiff, the
7  defendant, through its duly authorized agent, Ned Smith, informed
8  the plaintiff that the defendant would not pay the compensation
9  that was offered to the plaintiff and that the defendant would
10 pay to the plaintiff 50% of .10% of the production of plaintiff
11 based on the Riverside office profit as an over-ride plus the
12 regular commission schedule.

13 　　　　(d)  The plaintiff disagreed with the defendant's
14 representative, Ned Smith, and was told that if the plaintiff
15 would not accept this compensation package the plaintiff would
16 have to terminate his position with the defendant.

17 　　　　(e)  The plaintiff, because he had made the change to
18 the defendant's operation and had numerous loan commitments,
19 determined that he would stay with the defendant to protect the
20 plaintiff's reputation in the industry.  The plaintiff believed
21 that the plaintiff could be successful on the new schedule.

22 　　　　(f)  The plaintiff performed all services required of
23 the plaintiff under the oral agreement and originated loans in
24 1985 in the approximate sums to be determined at the time of
25 trial and was paid total compensation in the year 1985 in the sum
26 of $239,815.

27 　　7.  Commencing in January, 1986 the plaintiff continued his
28 employment under the terms of the oral agreement and averaged on

　　　　　　　　　　　　　　　3

1  a monthly basis from January, 1986 through August, 1986, average

2  loans of 50 loans per month, resulting in compensation to t!

3  plaintiff in the sum of $24,000 per month.

4      8.  The defendant, through its duly authorized agent, Mary

5  Jane Arthur, presented to the plaintiff a written contractual

6  agreement, a copy of which is attached hereto as exhibit "A", and

7  incorporated herein by reference.  The plaintiff objected to the

8  terms of exhibit "A" as presented to him by Mary Jane Arthur and

9  refused to execute the agreement.  Mary Jane Arthur orally

10  informed the plaintiff that he either signed the agreement or he

11  would be terminated forthwith.  The plaintiff having no

12  alternative but to execute the agreement, did so under the threat

13  of immediate termination.

14      9.  The defendant, through its duly authorized agent, Mary

15  Jane Arthur, within 12 days of the date of the execution of the

16  agreement, without cause whatsoever, terminated the plaintiff.

17  Under the terms of the written agreement, the agreement commenced

18  on September 1, 1986.  The plaintiff was given absolutely no

19  reason for his termination based upon any activity of the

20  plaintiff that occurred after the effective date of the

21  agreement, being September 1, 1986.

22      10.  Plaintiff is informed and believes and based upon said

23  information and belief alleges that there was and now is a

24  conflict between Mary Jane Arthur and the plaintiff and that Mary

25  Jane Arthur, at the time of the execution of the agreement, on or

26  about the 27th day of August, 1986 had determined to terminate

27  the plaintiff.

28      11.  The plaintiff had prior to August 27, 1986 been

4

1 informed by Mary Jane Arthur that she was not happy about a
2 transaction that took place prior to August 27, 1986. The
3 plaintiff was informed and believed and based upon that
4 information and belief, received the written agreement, being
5 exhibit "A" with the understanding that any and all activities
6 under the oral employment agreement were of no consequence
7 between the parties and that the written agreement being
8 effective September 1, 1986 was the now sole basis of the
9 employment between the plaintiff and the defendant.

10      12.  Plaintiff immediately upon being given notice of
11 termination requested orally and in writing for a reason for his
12 termination and as of the filing of this complaint has received
13 no written or oral notification of the reason for his
14 termination.

15      13.  As a direct and proximate result of the actions of the
16 defendant in wrongfully terminating the plaintiff the plaintiff
17 has lost the opportunity to continue earning at the same rate of
18 his earnings in 1985 and 1986 based upon production which would
19 continue to earn to the plaintiff a minimum sum of $24,000 per
20 month throughout 1986 and thereafter.

21      14.  Under the terms of the written agreement the plaintiff
22 is entitled to receive compensation due him in accordance with
23 paragraph 7.

24      15.  Under the oral agreement, the Plaintiff is entitled to
25 additional commissions on all loans in process prior to his
26 termination.

27                    SECOND CAUSE OF ACTION

28      As a second and separate cause of action for Accounting of

                                  5

                                                                    14

1　Compensation Due, plaintiff alleges as follows:

2　　　1.　Plaintiff incorporates as though set forth in full

3　herein the following paragraphs of the first cause of action:

4　paragraphs 1 through 15.

5　　　2.　Plaintiff has requested both orally and in writing for a

6　complete accounting for the sums due the plaintiff under the

7　terms of the oral and the written employment agreement between

8　the parties and the defendant refused and does not refuse to

9　deliver said accounting.

10　　　3.　Plaintiff, during the course of his employment under the

11　oral agreement, originated loans on a project in Laughlin, Nevada

12　in which the defendant, without any notification prior to the

13　origination of the loans, charged back to the plaintiff one-half

14　of one percent of the total loan package on an alleged claim of

15　marketability.　Plaintiff orally protested the unauthorized

16　deduction of monies due him.　The amount of the loans originated

17　was in excess $6,000,000.00 and half a percent is $30,000.00 and

18　plaintiff is entitled to 60% of said sum, resulting in a loss to

19　the plaintiff of $18,000.00.　Plaintiff believes that the

20　accounting will show additional and other sums that are due from

21　the defendant to the plaintiff and plaintiff reserves the right

22　to amend this complaint to set forth all sums due after the

23　accounting is obtained through judicial processes.

24　　　　　　　　　THIRD CAUSE OF ACTION

25　　　As a third and separate cause of action for loss of

26　compensation due to negligence, the plaintiff alleges as follows:

27　　　1.　Plaintiff incorporates paragraphs 1 through 15 of the

28　first cause of action as though set forth fully herein.

6

15

1      2.   Plaintiff in accordance with the terms of the oral

2   employment agreement and the written employment agreement was to

3   be compensated in accordance with the production produced by the

4   plaintiff.   In order for the plaintiff to be able to earn

5   compensation the defendant, by necessity, had to process the

6   loans originated by the plaintiff and be able to have funding

7   available for those loans.

8      3.   Plaintiff's ability to produce loans depended upon and

9   at all times during the course of the employment between the

10  parties, depended upon the ability of the defendant to fund the

11  loans in a timely manner.

12     4.   The defendant, during the course of employment, was

13  negligent in the processing of loans in a timely manner, and

14  negligent in the funding of loans so that the plaintiff was

15  denied full opportunity to earn compensation.

16     5.   The plaintiff, during the term of employment, was denied

17  the origination of loans in excess of 20 million which the

18  defendant was unable, because of its negligence, to process.  The

19  plaintiff therefore was damaged by 60% of the fees that could

20  have been earned on these loans that were not completed due to

21  the defendant's negligence, all to the plaintiff's damage in the

22  sum of $120,000.

23          FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF

24     As a fourth and separate cause of action for Declaratory

25  Relief, plaintiff alleges as follows:

26     1.   Plaintiff incorporates as though set forth in full

27  herein paragraphs 1 through 15 of the first cause of action.

28     2.   During the course of employment by the defendant of the

7

16

1  plaintiff under the oral agreement and the written agreement the
2  defendant backcharged and is now attempting to backcharge the
3  plaintiff on fees and costs that are not proper under the terms
4  of the employment agreement. The defendant informs the plaintiff
5  in a writing dated December 15, 1986, that the defendant is
6  claiming offsets of $23,722.64. The plaintiff denies that said
7  offsets are owed by the plaintiff to the defendant under the
8  terms of the oral or written agreement and that actual dispute
9  exists between the parties as to the terms of the agreements
10 between them and their respective rights thereunder. An
11 accounting is necessary to determine the total claims of the
12 defendant as to offsets and the plaintiff as to loans originated,
13 funded and owed to him, without consideration of the cause of
14 action for negligence on the part of the defendant.

15     3. The actual dispute between the parties has to be
16 resolved by judicial decree and the plaintiff asks that the court
17 take jurisdiction of this matter and upon hearing all proper
18 proof, both oral and documentary, declare the rights and
19 obligations of the parties one to the other.

20                        FIFTH CAUSE OF ACTION

21     As a fifth and separate cause of action on the basis of
22 punitive damages, plaintiff alleges as follows:

23     1. Plaintiff incorporates as set forth fully herein
24 paragraphs 1 through 15 of the first cause of action.

25     2. During the course of plaintiff's employment with the
26 defendant the defendant appointed Mary Jane Arthur as a senior
27 vice president with their San Diego Office and placed Mary Jane
28 Arthur in a supervisory position as to the plaintiff.

                                8

1      3.  A personality conflict arose between the plaintiff and

2   Mary Jane Arthur which was originated solely by Mary Jane Arthur.

3   For some reason unknown to the plaintiff Mary Jane Arthur started

4   a campaign within the defendant's organization to undermine the

5   earning ability of the plaintiff and to have the plaintiff

6   terminated as an employee of the defendant.

7      4.  Mary Jane Arthur made a claim against the plaintiff that

8   the plaintiff owed to the defendant a sum of $18,358.28.  This

9   claim was made by Mary Jane Arthur prior to the presentation of

10   the written agreement on or about the 27th day of August, 1986.

11   Mary Jane Arthur, on the date of presenting the written agreement

12   to the plaintiff, knew that she was claiming against the

13   plaintiff a sum she felt the plaintiff owed to the defendant and

14   she knew that she was going to continue on a course of conduct to

15   terminate the plaintiff.  At the time of the presentation of the

16   contract to the plaintiff Mary Jane Arthur did not inform the

17   plaintiff that she intended to terminate him after the date of

18   the contractual agreement.  Had the plaintiff known that Mary

19   Jane Arthur was going to continue in her course of conduct and

20   terminate him after the execution of the contract he would have

21   accepted her ultimatum and been terminated under the terms of his

22   oral agreement without the execution of exhibit "A".

23      5.  The actions of the defendant through its duly authorized

24   agent, Mary Jane Arthur, resulted in a wrongful termination of

25   the plaintiff and prevented the plaintiff from continuing to earn

26   fees that would have compensated the plaintiff at an annual rate

27   of $250,000 per year based upon his experience with the defendant.

28      6.  The actions of the defendant through its duly authorized

1 | agent, Mary Jane Arthur, are willful and malicious and were done
2 | with the purpose of terminating the plaintiff immediately after
3 | the execution of the written agreement and the defendant should
4 | be punished for the its actions by the imposition of punitive
5 | damages in a sum appropriate the net worth of the defendant and
6 | the harm caused the plaintiff.

7 |  WHEREFORE, plaintiff prays for judgment against the
8 | defendant as follows:

9 |  1.  For wrongful termination resulting in damages according
10 | to proof presented at the time of trial;

11 |  2.  For an accounting for all funds due from the defendant
12 | to the plaintiff under the terms of the oral and written
13 | contract;

14 |  3.  For loss of compensation due to the negligence of the
15 | defendant in a sum according to proof presented at the time of
16 | trial;

17 |  4.  For declaratory relief as to the rights, duties and
18 | obligations of each of the parties under the oral and written
19 | agreement;

20 |  5.  For punitive damages in an appropriate sum;

21 |  6.  For plaintiff's costs of suit incurred herein;

22 |  7.  For such other and further relief as the court deems
23 | just and proper.

24 |  Dated:  February 12, 1987          JONES & VAN STOCKUM,
                                         A Professional Law Corporation

25 |

26 |                                     by: _____
27 |                                         Sidney W. Jones

28 |

10

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I have read the foregoing Complaint for wrongful termination, accounting for compensation due, declaratory relief, loss of compensation and know its contents.

☒ **CHECK APPLICABLE PARAGRAPH**

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner_____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for_____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on January 30 , 1987 , at Upland California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

KEN   KETNER
_____  _____
Type or Print Name          Signature

## ACKNOWLEDGMENT OF RECEIPT OF DOCUMENT
### (other than summons and complaint)

Received copy of document described as_____

on_____ 19___ .

_____  _____
Type or Print Name          Signature

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of_____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is:_____

On_____ 19___ , I served the foregoing document described as_____

_____

_____on_____

in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at_____ , California.

Executed on_____ , 19___ , at_____ , California.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on_____ , 19___ , at_____ , California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____  _____
Type or Print Name          Signature

STUART'S EXBROOK TIMESAVER (REVISED 6/83)
(May be used in California State or Federal Courts)

20

185461

## RESIDENTIAL LOAN ORIGINATOR EMPLOYMENT
## AND COMPENSATION AGREEMENT

THIS AGREEMENT is made between GMAC MORTGAGE CORPORATION OF PA (herein called "Employer") and KENNETH KETNER (herein called "Employee").

WHEREAS, Employer is in the business of mortgage banking, and desires to hire and/or retain Employee in its employ to originate real estate trust deed and/or mortgage loans on one-to-four unit properties, and

WHEREAS, Employee's compensation is determined primarily by way of commissions computed on the dollar amount of loans originated and closed due to Employee's individual effort, and

WHEREAS, Employer and Employee desire to have an employment agreement directly specifying compensation and termination agreements, and

WHEREAS, Employee is ready, willing, and able to work for Employer as a residential loan originator,

NOW, THEREFORE, Employer and Employee in consideration for the mutual covenants and agreements contained herein and other good and valuable consideration and intending to be legally bound hereby, agree as follows:

I.   **EMPLOYMENT**

Employer hereby hires Employee and Employee hereby accepts employment as a residential loan originator under the terms of this Agreement commencing on (effective) September 1, 1986, and continuing until terminated as provided in this Agreement.

II.  **DUTIES**

A.  Employee agrees to devote his full time, attention and energy to the position of Residential Loan Originator subject to the direction and control of Employer and shall utilize his best efforts in the representation of this position and the solicitation of clients for Employer.

## EXHIBIT A

21

B.   Employee is employed as an originator to originate
     real estate trust deed and/or mortgage loans on
     one-to-four unit properties in the territory
     designated by Employer.

C.   Employee agrees not to engage in the sale of or
     represent any other product or service while
     representing Employer including the origination of
     trust deed and/or mortgage loans for any other
     mortgage banker or broker.  Employee, at all times,
     will comply with the rules, regulations, laws and
     ethics of Employer, the mortgage banking industry,
     investors, HUD, VA, GNMA, FNMA, FHLMC, local
     jurisdictions, state and federal governments.

III.   COMPENSATION

For the services rendered by Employee under this
agreement, Employer shall pay Employee compensation on
loans originated by Employee as follows:

A.   COMMISSIONS

     1.   SPOT LOANS (Excluding Brokered Loans, Special
          Programs and Refinances)

          (a)   Commissions - Employee shall receive as
                commission, a percentage of each loan
                origination fee (loan origination fee being
                defined as an amount up to one (1%) percent
                of the loan amount, collected by Employer
                from the mortgagor) collected at the time
                of closing on government or conventional
                loans originated by Employee, as detailed
                below, according to the total monthly
                volume of Employee's loans closed by
                Employer, excluding loans originated under
                subsections 2 through 5 of this section.

| Monthly Closing | Commission % |
|---|---|
| 0-    200K | .40 |
| 200,001-  400,000 | .45 |
| 400,001-  650,000 | .50 |
| 650,001-1,000,000 | .55 |
| 1,000,001 and over | .60 |

EXHIBIT A

22

(b)   <u>Overages and Shortages</u> – Employee's
compensation will be further adjusted based
upon the overage or shortage for each loan.
An "overage" results when the discount
price established by Employee is greater
than the discount price schedule for the
applicable commitment established by
Employer and in effect at the time of
lock-in.  A "shortage" results when the
discount price established by Employee is
less than the discount price schedule for
the applicable commitment established by
Employer and in effect at the time of
lock-in.

Unless specific provisions are made in any
commitment or loan program to the contrary,
the amount of the overage credited to
Employee's account shall be fifty percent
(50%) of the overage collections.

If Employee quotes a price that would
result in a loss at the time of settlement
equal to Employee's commission, commission
shall not be paid on the loan.  Unless
Employee receives prior written approval
from the Branch Manager, Employee shall not
quote a price which would result in a
shortage greater than the amount of the
commission that would be payable to
Employee on the loan.

(c)   <u>Payment of Commissions and Overages</u> –
Commissions and overages are earned when
the loan closes and will be paid on the
second regularly scheduled pay day
following the month in which the loans were
closed.  Outstanding uncollected appraisal
fees, credit report fees, prepaid
commitment fees, loan closing escrows and
unreimbursed draws will be deducted from
Employee's compensation on a monthly basis
during the term of Employee's employment.

2.   <u>BROKERED LOANS</u>

For conventional loans that are originated and
brokered (serviced released) to another
financial institution which closes the loan,

EXHIBIT A

23

Employee shall receive twenty-five (25%) percent of the broker fee collected at time of closing. The term "broker fee" shall mean any origination fee and overage collected by Employer from mortgagor or other financial institution to whom the loan was brokered. Any lending institution to whom the Employee wishes to broker loans must have the prior approval of Employee's Branch and Regional Manager.

3.   SPECIAL PROGRAMS

Employer may from time to time make available revenue bond financing programs. Commissions payable for these programs will be established in writing by Regional Manager at the time of the announcement of the programs.

4.   REFINANCES

A refinance is the making of a loan secured by a first mortgage lien on property owned by the applicant at the time of application. Employees shall receive twenty-five (25%) percent of the origination fee collected at closing and twenty-five (25%) percent of any overage.

5.   GM EMPLOYEE LOANS

No commission will be paid on a loan to an Employee of General Motors Corporation or any direct or indirect subsidiary thereof. All General Motors Corporation Employee applications must be referred to Employee's Branch Manager.

B.   DRAWS

Employer may, in some instances, agree to pay Employee a draw as an advance against commissions due or expected to be earned by Employee. The amount of the draw will be determined by the Regional Manager and will be subject to change at any time by the Regional Manager. The maximum draws outstanding at any time shall be limited to $5,000. The draw will be paid on the first regularly scheduled pay day of the month and is not to be considered as salary. Draws previously received will be deducted from commissions and overages earned. In the event commissions and overages earned are not sufficient to reimburse Employer for

## EXHIBIT A

draws advanced, the deficit will be deducted from
future commissions and overages earned.  In the
event of termination of Employee for whatever
reason, Employer shall be entitled to reimbursement
from Employee for all unreimbursed draws advanced to
Employee.

C.  GUARANTEED SALARY

Employer may, in some instances, agree to pay
Employee the greater of (a) a guaranteed salary, or
(b) commissions and overages (net of the deductions
set forth in Section IIIA.3.) for a specific period
of time (not to exceed 90 days) after the date of
employment.  The salary will be paid on the first
regularly scheduled pay day of the month.

IV.  BENEFITS

Employee is entitled to participate in the employee
benefit plans of Employer as described in the GMAC
Mortgage Corporation Fringe Benefit Package for
Commissioned Loan Originators as revised from time to
time by Employer.

V.  LICENSES AND RESTRICTIONS ON USE

An Employee where required by law or Employer, must
possess a real estate originator's or broker's license
or mortgage banker's license.  Said license shall be
kept in the Employer's designated office.  Any Employee
possessing a real estate originator's or broker's
license may not under any circumstances actively sell
any real property for any real estate firm, developer,
broker, land dealer, or home builder, the only exception
being the buying and selling of real property belonging
to said Employee.

VI.  TERMINATION

A.  AUTOMATIC TERMINATION

This Agreement shall automatically terminate upon
the occurrence of any one of the following events:

1.  Death of the Employee.

2.  Loss of legal capacity by Employee.

3.  Termination of Employment.

EXHIBIT A

B.    **WITH CAUSE**

If Employee willfully breaches or habitually
neglects the duties he is required to perform under
the terms of this Agreement, Employer may, at his
option, terminate this Agreement by giving notice of
termination to Employee without prejudice to any
other remedy to which Employer may be entitled
either at law, in equity, or under this Agreement.

C.    **WITHOUT CAUSE**

This Agreement may be terminated without cause by
either party giving notice of termination to the
other party.  Termination by the Employee must be in
writing addressed to Employee's Branch Manager.
Such termination shall not prejudice any other
remedy to which the terminating party may be
entitled either at law, in equity, or under this
agreement.

VII.    **COMPENSATION ON TERMINATION**

In the event of the termination of this Agreement for
any reason, Employee shall be entitled to compensation
after the date of the termination as follows:

Employee will be entitled to compensation as determined
under Section III A., B. and C. and D. for loans closed
within thirty (30) days after termination.  Employee
agrees to fully cooperate with Employer to bring
Employee's loans to settlement.

Payment of any compensation due will be made in a lump
sum on the first regularly scheduled commission pay day
after final calculation of the commissions due not later
than ninety (90) days after termination.  There will be
deducted from the payment all unreimbursed draws,
outstanding uncollected appraisal fees, credit report
fees, prepaid commitment fees and loan closing escrows
for loans closed prior to termination.

VIII.    **TRADE SECRETS**

Employee acknowledges that the loan programs, customer
and investor lists and documentation used and developed
by Employer for its loan programs are valuable trade
secrets of Employer.  The loan programs, customer and
investor lists and documents have been developed through
the expenditure of substantial time, effort and money

26

which Employer wishes to maintain in confidence and withhold from disclosure to other persons. Employee hereby agrees that any information, knowledge and factual data related to the loan programs, customer and investor lists and documentation which may be given to the Employee by Employer at any time, or from time to time, will not be communicated to any third party, except employees of Employer for their use in performing their duties.

IX.    BOOKS AND RECORDS

All records of the accounts of customers, other records of a business nature, books relating to customers of Employer, equipment, cameras, papers, documentation, etc., whether prepared by Employee or otherwise coming into his possession or control, shall be the exclusive property of Employer and surrendered to Employer upon termination of this contract.

X.    AFFILIATES OF EMPLOYER

Recognizing that Employer may conduct its business at various times under one or more different entities, Employee agrees that the provisions of this agreement shall be for the benefit of and may be enforced by Employer and any of Employer's present or future affiliates as designated by Employer.

XI.    EMPLOYER'S OBLIGATION TO ACCEPT LOANS

No provision of this Agreement shall be deemed to obligate Employer to accept any loan application or to close any loans.

XII.    PROGRAM REVIEW AND AMENDMENTS

Employer reserves the right from time to time, by written notice to Employee to change any of the terms and conditions of this Agreement. Except for the foregoing provision, no change, alteration, amendment, modification or waiver of any of the terms or provisions hereof shall be valid unless the same shall be in writing and signed by the parties hereto.

XIII.    SEVERABILITY

In the event any provision of this Agreement shall be held to be illegal, unenforceable or inoperative, as a matter of applicable law, the remaining provisions

EXHIBIT A

hereof, to the extent their meaning and construction may be ascertained without the inclusion of the illegal, unenforceable or inoperative provisions, shall remain in full force and effect.

XIV.    ENTIRE AGREEMENT

This Agreement embodies the entire Agreement between the parties.

XV.    CONSTRUCTION OF AGREEMENT

The Agreement shall be construed and enforced in accordance with the laws of the State of California.

XVI.    CAPTIONS

The captions contained herein are inserted only for the purpose of convenient reference and in no way define, limit or describe the scope or intent of this Agreement or any part hereof.

XVII.    ASSIGNMENT AND BINDING EFFECT

Employee shall not have the right to assign any or all interest it may have in this Agreement. Otherwise, the terms of this Agreement shall insure to the benefit of and shall be binding upon the heirs, administrators, successors and assigns of the parties hereto.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement this _____ day of _____, 1986.

WITNESS:                     EMPLOYEE:

_____

                            GMAC MORTGAGE CORPORATION OF PA

                            By: _____ 8-27

                            Attest: _____

## EXHIBIT A

28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Kenneth Ketner _____          Case No. _____ 185461

vs.

**CERTIFICATE OF ASSIGNMENT**

GMAC Mortgage Corporation of PA
Does I through V Inclusive

---

**A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.**

The undersigned declares that the above entitled matter is filed for proceedings in the_____
District of the Superior Court under Rule 153.1 of this court for the checked reason:

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| ☐ | 1 | Adoption | Petitioner resides within the district. |
| ☐ | 2 | Conservator | Petitioner or conservatee resides within the district. |
| ☒ | 3 | Contract | Performance in the district is expressly provided for. |
| ☐ | 4 | Equity | The cause of action arose within the district. |
| ☐ | 5 | Eminent Domain | The property is located within the district. |
| ☐ | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8 | Harrassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9 | Mandate | The defendant functions wholly within the district. |
| ☐ | 10 | Name Change | The petitioner resides within the district. |
| ☐ | 11 | Personal Injury | The injury occurred within the district. |
| ☐ | 12 | Personal Property | The property is located within the district. |
| ☐ | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14 | Prohibition | The defendant functions wholly within the district. |
| ☐ | 15 | Review | The defendant functions wholly within the district. |
| ☐ | 16 | Title to Real Property | The property is located within the district. |
| ☐ | 17 | Transferred Action | The lower court is located within the district. |
| ☐ | 18 | Unlawful Detainer | The property is located within the district. |
| ☐ | 19 | Other_____ | _____ |

THE RESIDENCE OF THE PETITIONER, RESPONDENT, DECEASED, CONSERVATEE, WARD, PLAINTIFF, OR DEFENDANT IS:

NAME: Kenneth Ketner

ADDRESS:  5297 Amethyst
          Alta Loma, Ca.  91701

I declare, under penalty of perjury, that the foregoing is true and correct and this declaration was executed on

____March 4, 1987_____at __Upland_____,California

_____
Signature of Attorney

06-16503-356 Rev. 10/84

29

1   MANNING, LEAVER, BRUDER & BERBERICH
     Attorneys at Law
2   5900 Wilshire Boulevard
     Suite 770
3   Los Angeles, California   90036

4   Telephone:   (213) 937-4730

5   Attorneys for Defendant,
     GMAC MORTGAGE CORPORATION OF PA

6

7

8              SUPERIOR COURT, COUNTY OF RIVERSIDE

9                FOR THE STATE OF CALIFORNIA

10

11  KENNETH KETNER,              )    CASE NO. 185461
                               )
12        Plaintiff,         )    ANSWER OF DEFENDANT GMAC
                               )    MORTGAGE CORPORATION OF PA
13   vs.                      )    TO PLAINTIFF'S VERIFIED
                               )    COMPLAINT
14  GMAC MORTGAGE CORPORATION      )
     OF PA; and DOES 1 through V,    )
15  inclusive                  )
                               )
16        Defendants.        )
     _____ )

17       COMES NOW, Defendant GMAC MORTGAGE CORPORATION OF PA, a

18  Pennsylvania corporation, for itself and no others, in response to

19  Plaintiff's Complaint filed herein, responds as follows:

20                AS TO FIRST CAUSE OF ACTION

21       1.   Answering Paragraph 1 of Plaintiff's Complaint, this

22  answering Defendant lacks information or belief sufficient enough

23  to answer the allegations in said paragraph and basing this denial

24  on this ground, denies conjunctively and disjunctively, each and

25  every allegation contained in said paragraph.

26       2.   Answering Paragraph 2 of Plaintiff's Complaint, this

27  answering Defendant admits that it is a Pennsylvania corporation

28  and is authorized to conduct business in the State of California.

F I L E D
RIVERSIDE COUNTY

JUL 27 1987

WILLIAM E. CONERLY, Clerk
By _D. Bunnell_   D. Bunnell
                  Deputy

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

9585

0 25 07/28/87

79.00

30

3.   Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant lacks information or belief sufficient to answer the allegations in said paragraph and basing this denial on this ground, denies conjunctively and disjunctively, each and every allegation contained in said paragraph.

4.   Answering Paragraph 4 of Plaintiff's Complaint, this answering Defendant admits that since approximately June of 1985 it has maintained a Branch Office in Riverside, California, but denies conjunctively and disjunctively each and every other allegation contained in said paragraph.

5.   Answering Paragraph 5 of Plaintiff's Complaint, this answering Defendant admits that Plaintiff had prior experience as a Loan Originator prior to his employment with Defendant, but lacks information or belief sufficient to answer the other allegations contained in said paragraph and basing this denial on this ground, denies conjunctively and disjunctively each and every other allegation contained in said paragraph.

6.   Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant admits that Plaintiff was a Loan Originator for its Riverside Branch and that he received compensation in the year 1985 in the sum of $239,814.88, but denies conjunctively and disjunctively each and every other allegation contained in said paragraph and its subparts including the allegations contained in subparts (C), (D) and (E) which are denied based upon a lack of sufficient information or belief.

7.   Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant admits that during 1986, Plaintiff was employed as a Loan Originator by Defendant and performed services in that capacity for which he was compensated, but denies conjunctively and

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

-2-

31

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937.4730

1  disjunctively each and every other allegation contained in said

2  paragraph as unintelligible.

3       8.   Answering Paragraph 8 of Plaintiff's Complaint, this

4  answering Defendant admits that Mary Jane Arthur was and is its

5  employee and that Plaintiff did receive a written contractual

6  agreement, a copy of which is attached to the Complaint as Exhibit

7  "A", but denies conjunctively and disjunctively each and every

8  other allegation in said paragraph.

9       9.   Answering Paragraph 9 of Plaintiff's Complaint, this

10 answering Defendant admits that Mary Jane Arthur was and is its

11 employee and that she terminated the employment of Plaintiff

12 on or about September 9, 1986 and further admits that the terms of

13 the written agreement attached to the Complaint as Exhibit "A"

14 speak for themselves, but denies conjunctively and disjunctively

15 each and every other allegation contained in said paragraph.

16      10.  Answering Paragraph 10 of Plaintiff's Complaint, this

17 answering Defendant denies conjunctively and disjunctively each an

18 every allegation contained in said paragraph, except that it admit

19 that the written contract a copy of which is attached to the

20 Complaint as Exhibit "A" was executed on or about August 27, 1986.

21      11.  Answering Paragraph 11 of Plaintiff's Complaint, this

22 answering Defendant admits that on or about August 26, 1986, Mary

23 Jane Arthur had contacted Plaintiff to inquire about the Chenoski

24 Loan and admits that the terms of the written agreement a copy of

25 which is attached to the Complaint as Exhibit "A" speak for

26 themselves, but denies conjunctively and disjunctively each and

27 every other allegation contained in said paragraph.

28      12.  Answering Paragraph 12 of Plaintiff's Complaint, this

answering Defendant admits Plaintiff inquired regarding his

-3-

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

1    termination, but denies conjunctively and disjunctively each and

2    every other allegation contained in said paragraph.

3        13.   Answering Paragraph 13 of Plaintiff's Complaint, this

4    answering Defendant denies conjunctively and disjunctively each and

5    every allegation contained in said paragraph.

6        14.   Answering Paragraph 14 of Plaintiff's Complaint, this

7    answering Defendant admits that the terms of the written agreement

8    a copy of which is attached to the Complaint as Exhibit "A", speak

9    for themselves, but denies conjunctively and disjunctively each and

10   every other allegation contained in said paragraph and further

11   denies that Plaintiff is entitled to compensation from Defendant in

     any sum.

12       15.   Answering Paragraph 15 of Plaintiff's Complaint, this

13   answering Defendant denies that Plaintiff is entitled to any

14   additional commissions from Defendant and further denies

15   conjunctively and disjunctively, based upon a lack of sufficient

16   information or belief, any and all other allegations contained in

17   said paragraph.

18                   AS TO SECOND CAUSE OF ACTION

19       1.   Answering Paragraph 1 of this cause of action of

20   Plaintiff's Complaint, this answering Defendant refers to its

21   responses to paragraphs 1 through 15 of the First Cause of Action,

22   inclusive, and incorporates the same as though set forth fully

23   herein.

24       2.   Answering Paragraph 2 of this cause of action of

25   Plaintiff's Complaint, this answering Defendants admits that

26   Plaintiff has requested an accounting, but denies conjunctively and

27   disjunctively, each and every other allegation contained in said

28   paragraph as unintelligible.

-4-

3.   Answering Paragraph 3 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that Plaintiff was involved in originating loans on a condominium project in Laughlin, Nevada, but denies that Plaintiff has incurred a loss in the amount of $18,000.00 or any sum and further denies conjunctively and disjunctively the remaining allegations of said paragraph.

### AS TO THIRD CAUSE OF ACTION

1.   Answering Paragraph 1 of this cause of action of Plaintiff's Complaint, this answering Defendant refers to its responses to paragraphs 1 through 15 of the First Cause of Action, inclusive, and incorporates the same as though set forth fully herein.

2.   Answering Paragraph 2 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that the terms of the written employment agreement attached to the Complaint as Exhibit "A" speak for themselves and that it did process and fund loans originated by the Plaintiff for which Plaintiff received compensation and that Plaintiff only received compensation for loans produced by him which were funded, but denies conjunctively and disjunctively each and every other allegation contained in said paragraph.

3.   Answering Paragraph 3 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that it did process and fund loans originated by Plaintiff and that Plaintiff only received compensation for loans produced by him which were funded, but denies conjunctively and disjunctively each and every allegation contained in said paragraph.

4.   Answering Paragraph 4 of this cause of action of

-5-

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

34

Plaintiff's Complaint, this answering Defendant denies

conjunctively and disjunctively each and every allegation containe

in said paragraph.

5.   Answering Paragraph 5 of this cause of action of

Plaintiff's Complaint, this answering Defendant denies

conjunctively and disjunctively the allegations contained in said

paragraph and further denies that Plaintiff has been damaged in th

sum of $120,000.00 or any other sum.

AS TO FOURTH CAUSE OF ACTION

1.   Answering Paragraph 1 of this cause of action of

Plaintiff's Complaint, this answering Defendant refers to its

responses to paragraphs 1 through 15 of the First Cause of Action,

inclusive, and incorporates the same as though set forth fully

herein.

2.   Answering Paragraph 2 of this cause of action of

Plaintiff's Complaint, this answering Defendant admits that on

its behalf a letter dated December 15, 1986, was sent to Plaintiff

referring to offsets in the amount of $23,722.64 (the terms of

that letter speak for themselves), and admits that by filing this

Complaint Plaintiff is disputing the amount of offsets, but denies

conjunctively and disjunctively each and every other allegation an

further denies that Plaintiff is owed any sums by this Defendant.

3.   Answering Paragraph 3 of this cause of action of

Plaintiff's Complaint, this answering Defendant admits that

Plaintiff has raised a dispute by filing a complaint and making th

allegations set forth therein, but denies conjunctively and

disjunctively each and every other allegation contained in said

paragraph.

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

-6-

35

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

## AS TO FIFTH CAUSE OF ACTION

1.   Answering Paragraph 1 of this cause of action of Plaintiff's Complaint, this answering Defendant refers to its responses to paragraphs 1 through 15 of the First Cause of Action, inclusive, and incorporates the same as though set forth fully herein.

2.   Answering Paragraph 2 of this cause of action of Plaintiff's Complaint, this answering Defendant admits the allegations contained in said paragraph.

3.   Answering Paragraph 3 of this cause of action of Plaintiff's Complaint, this answering Defendant denies conjunctively and disjunctively each and every allegation contained in said paragraph.

4.   Answering Paragraph 4 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that Mary Jane Arthur made a claim against the Plaintiff for payment of the sum of $18,358.28, and admits the matter giving rise to this claim was discussed with Plaintiff by Mary Jane Arthur prior to August 27, 1986, but denies conjunctively and disjunctively each and every other allegation contained in said paragraph.

5.   Answering Paragraph 5 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that Mary denies was and is its employee, but denies conjunctively and disjunctively each and every allegation contained in said paragraph and further denies that Plaintiff has been wrongfully prevented from earning compensation of $250,000.00 a year or any other sum.

6.   Answering Paragraph 6 of this cause of action of Plaintiff's Complaint, this answering Defendant admits that Mary

-7-

36

1  Jane Arthur was and is its employee, but denies conjunctively and

2  disjunctively each and every other allegation contained in said

3  paragraph and further denies that Defendant is entitled to damages

4  in any sum.

                        AFFIRMATIVE DEFENSES

5

6  FIRST AFFIRMATIVE DEFENSE:

7       1.  As a separate and affirmative defense, this answering

8  Defendant alleges that the Complaint, and all purported causes of

9  action contained therein, failed to state facts sufficient to

10 constitute any cause of action against this answering Defendant.

11 SECOND AFFIRMATIVE DEFENSE:

12      2.  As a separate and affirmative defense, this answering

13 Defendant alleges that Plaintiff's Complaint and each purported

14 cause of action contained therein is barred by the statute of

   fraud, California Civil Code Section 1624(a).

15 THIRD AFFIRMATIVE DEFENSE:

16      3.  As a separate and affirmative defense, this answering

17 Defendant alleges that Plaintiff's purported First and Fifth Cause

18 of Action are barred by California Labor Code Section 2922.

19 FOURTH AFFIRMATIVE DEFENSE:

20      4.  As a separate and affirmative defense, this answering

21 Defendant alleges that Plaintiff's purported First and Fifth Cause

22 of Action are barred by the terms of an express contract between

   the parties.

23 FIFTH AFFIRMATIVE DEFENSE:

24      5.  As a separate and affirmative defense, this answering

25 Defendant alleges that Plaintiff's purported First and Fifth Cause

26 of Action, respectively, are barred in that Plaintiff may not rely

27 on the terms of an oral contract which is inconsistent with the

28

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

                              -8-

1   terms of the written employment contract in effect at the time of

2   Plaintiff's termination.

3   SIXTH AFFIRMATIVE DEFENSE:

4       6.   As a separate and affirmative defense, this answering

5   Defendant alleges that Plaintiff's Complaint and each purported

6   cause of action thereunder is barred by virtue of Plaintiff's

7   failure to mitigate his damages.

8   SEVENTH AFFIRMATIVE DEFENSE:

9       7.   As a separate and affirmative defense, this answering

10  Defendant alleges that Plaintiff's purported First and Fifth Causes

11  of Action are barred by California Labor Code Sections 2854 and

12  2856, respectively.

13  EIGHT AFFIRMATIVE DEFENSE:

14      8.   As a separate and affirmative defense, this answering

15  Defendant alleges that Plaintiff's purported Second and Third

16  Causes of Action are barred by California Code of Civil Procedure

17  Section 339(1).

18      WHEREFORE, this answering Defendant prays as follows:

19      1.   That Plaintiff take nothing by his Complaint on file

20  herein;

21      2.   That this answering Defendant be awarded its costs of suit

22  incurred herein;

23      3.   For such other and further relief as the Court may deem

24  just and proper.

25  DATED:  July 24, 1987            MANNING, LEAVER, BRUDER & BERBERICH

26

27                                  By: _____
                                        BRENT W. SMITH, Attorneys for
28                                      Defendant GMAC MORTGAGE CORPORATION
                                        OF PA

MANNING, LEAVER, BRUDER & BERBERICH
ATTORNEYS AT LAW
SUITE 770
5900 WILSHIRE BOULEVARD
LOS ANGELES 90036
(213) 937-4730

-9-

38

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF  SAN DIEGO

I have read the foregoing ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION OF PA
_____ and know its contents.

### ☒ CHECK APPLICABLE PARAGRAPH

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☒ an Officer ☐ a partner_____☐ a_____ of  GMAC MORTGAGE CORPORATION

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are based ☒ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for_____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on___July 24_____, 19 87 at San Diego_____California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

MARY JANE ARTHUR_____              x _____
Type or Print Name                                  Signature

### ACKNOWLEDGMENT OF RECEIPT OF DOCUMENT
(other than summons and complaint)

Received copy of document described as_____

on_____19____.

_____              _____
Type or Print Name                                  Signature

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of  Los Angeles,_____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: 5900 Wilshire Blvd., Suite 770, Los Angeles, California  90036

On July 24 1987, I served the foregoing document described as ANSWER OF DEFENDANT GMAC MORTGAGE CORPORATION OF PA TO PLAINTIFF'S VERIFIED COMPLAINT

_____on all interested parties_____

in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

BERNARD A. LECKIE, ESQ.: MESERVE, MUMPER & HUGHES, Post Office Box 7820, Newport Beach,  92660

☒ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.
Executed on___July 24_____, 19 87 at  Los Angeles_____, California.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.
Executed on_____, 19___, at_____, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

DAMARIS K. RONEY_____              _____
Type or Print Name                                  Signature

STUART'S EXBROOK TIMESAVER (REVISED 6/83)
(May be used in California State or Federal Courts)

39

# EXHIBIT B

Form B1 (Official Form) - (Rev 3/98)                                    1998 USBC, Central District of California

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**CFC Mortgage Corporation** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**33-0246692** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**3321 Colony Plaza**<br>**Newport Beach, CA  92660** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    **Orange** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
| --- |

## Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box)

- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.
- [ ] This petition is being filed by a corporation or partnership under chapter 11 and the debtor acknowledges that a Venue Disclosure Form is required to be filed by General Order 97-02.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
| --- | --- | --- | --- |
| [ ] Individual(s)<br>[x] Corporation<br>[ ] Partnership<br>[ ] Other _____ | [ ] Railroad<br>[ ] Stockbroker<br>[ ] Commodity Broker | [x] Chapter 7<br>[ ] Chapter 9<br>[ ] Sec. 304 - Case ancillary to foreign proceeding | [ ] Chapter 11    [ ] Chapter 13<br>[ ] Chapter 12 |
| **Nature of Debts (Check one box)**<br>[ ] Consumer/Non-Business    [x] Business | | **Filing Fee (Check one box)**<br>[x] Full Filing Fee Attached<br>[ ] Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. | |
| **Chapter 11 Small Business (Check all boxes that apply)**<br>[ ] Debtor is a small business as defined in 11 U.S.C. § 101<br>[ ] Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | | | |

Statistical/Administrative Information (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
| --- | --- | --- | --- | --- | --- |
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| --- | --- | --- | --- | --- | --- | --- | --- |
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| --- | --- | --- | --- | --- | --- | --- | --- |
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

SA99-13472JR

Form B1 (Official Form 1) Page Two - (Rev 3/9)                                      998 USBC, Central District of California

| Voluntary Petition | Name of Debtors: | FORM B1, |
|---|---|---|
| *(This page must be completed and filed in every case)* | CFC Mortgage Corporation | Page 2 |

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed:  None | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: None | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature(s) of Debtor (Corporation/Partnership) |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. (If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| X   Not Applicable<br>Signature of Debtor | X _____<br>Signature of Authorized Individual |
| X   Not Applicable<br>Signature of Joint Debtor | **J. Stephen Wheatley**<br>Print or Type Name of Authorized Individual |
| _____<br>Telephone Number and Fax Number (If not represented by attorney) | **President**<br>Title of Authorized Individual |
| _____<br>Date | 4/5/99<br>Date |
| X _____<br>Signature of Attorney for Debtor(s) | **Signature of Non-Attorney Petition Preparer**<br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document. |
| **Andrew K. Mauthe**<br>Printed Name of Attorney for Debtor(s) | Not Applicable<br>Printed Name of Bankruptcy Petition Preparer |
| **Andrew K. Mauthe**<br>Firm Name | _____<br>Social Security Number |
| **18500 Von Karman Ave, Suite 700**<br>Address | _____ |
| **Irvine, CA  92612** | _____<br>Address |
| **(949) 833-7035**            **(949) 833-5099**<br>Telephone and Fax Number | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document: |
| 4/6/99            **107255**<br>Date                Bar Number | |
| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☑ Exhibit A is attached and made a part of this petition. | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X   Not Applicable<br>Signature of Bankruptcy Petition Preparer |
| **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he/she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. | _____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156. |
| X _____<br>Signature of Attorney for Debtor(s)            Date | |

# United States Bankruptcy Court

## Central District of California

In re:  **CFC Mortgage Corporation**
33-0246692

Case No. _____
Chapter    **7**

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, , declare under penalty of perjury that I am the  of **CFC Mortgage Corporation,** a   Corporation and that on  the following resolution was duly adopted by the  of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that **J. Stephen Wheatley, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that **J. Stephen Wheatley, President** of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that **J. Stephen Wheatley, President** of this Corporation, is authorized and directed to employ **Andrew K. Mauthe,** attorney and the law firm of **Andrew K. Mauthe** to represent the Corporation in such bankruptcy case."

Executed on:  _7/5/77_____

Signed: _____

42

Local Rule 1015-2 - (Rev. 6/98)                                          1998 USBC, Central District of California

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL RULE 1015-2
## UNITED STATES BANRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of such of prior proceedings, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of such prior proceedings, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**N/A**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is a general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owing 20% or more of its voting stock as follows: (Set forth the complete number and title of such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**N/A**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Irvine_____ , California.

Dated: _4/5/99_____

_____
CFC Mortgage Corporation

43

FILED

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | | |
|---|---|---|
| In re: CFC MORTGAGE CORPORATION<br>3321 COLONY PLAZA<br>NEWPORT BEACH, CA 92660 | CHAPTER NO.: 7 | 99 APR -7  AM 9: 18 |
| | CASE NUMBER:  SA99-13472IR | ···· ·UP:CY COURT,<br>CLEANBY: |

# CASE COMMENCEMENT DEFICIENCY NOTICE

To Debtor and Debtor's Attorney of Record,

YOUR CASE WILL BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:

A. You must cure the following within 15 days from filing of your petition:

    1. Summary of Schedules (Form B6) [Local Rule 1002-1(7)]
    2. Signed Declaration Concerning Debtor's Schedules (Form B6) [Local Rule 1002-1(7)]
    3. Disclosure of Compensation of Attorney for Debtor, Certified by Attorney [11 U.S.C. §329;F.R.B.P. 2016(b)
    4. Declaration of Attorney's Limited Scope of Appearance [Local Rule 2090-1(1); 1002-1(7)]

B. ☐ OTHER: _____

For all items above you must file the original and the following number of copies [Local Rule 1002-1]:

    ■ Chapter 7/12/13    1 Original and 4 Copies
    ■ Chapter 9/11      1 Original and 7 Copies

Please return the original or copy of this form with all required items to the following location:

    ■ 411 W. Fourth Street, 2nd Flr, Santa Ana, CA  92701

If you have any questions, please contact the below-referenced Deputy Clerk:

JON D. CERETTO, CLERK OF COURT

Dated: 04/07/99           By:  ELIZABETH ASIATA
                        Deputy Clerk, Tel: (714) 338-5300

## MEGA CASE REQUIREMENTS ARE SET BY ADMINISTRATIVE ORDER

44

Verification of Creditor Mailing List - (Rev. 6/98)          1998 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Rule 1007-2(4)

Name        __Andrew K. Mauthe__
Address     __Andrew K. Mauthe__
            __18500 Von Karman Ave.__
            __Suite 700__
            __Irvine, CA  92612__
Telephone   __(949) 833-7035__

☑ Attorney for Debtor(s)
☐ Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| **Central District of California** | |
| List all names including trade names, used by Debtor(s) within last 6 years: | Case No. |
| | Chapter               7 |
| **CFC Mortgage Corporation** | |
| Social Security No. __33-0246692__          Debtor | |
| Debtor(s) EIN No.   _____ | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __6__ sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Rule 1007-2(4) and I/we assume all responsibility for errors and omissions.

Date:  __4/5/99__                         _____
                                          CFC Mortgage Corporation, Debtor

45

```
CFC Mortgage Corporation
3321 Colony Plaza
Newport Beach, CA  92660



Andrew K. Mauthe
Andrew K. Mauthe
18500 Von Karman Ave.
Suite 700
Irvine, CA  92612



United States Trustee
411 W Fourth St
Suite 9041
Santa Ana, CA  92701
```

Accurate Credit Reporting
c/o Stanley M Hammerman Esq
Hammerman & Hultgren PC
3101 N Central Suite 1070
Phoenix, AZ 85012


Airborne Express
Address Unknown


Sheila B Allen Esq
300 West Second St
Suite 201
San Bernardino, CA  92401


Peggy Ames et al
c/o Dennis J Healey
Healey & Healey
74-075 El Pasco Ste A-15
Palm Desert, CA  92260


R Dexter and Patricia J Andrews
c/o Gary H Weight PC
Aldrich Nelson Weight & Esplin
43 East 200 North, P O Box L
Provo, UT  84603-0200


Armando Arce
c/o L Scott McClananhan Esq
74-075 E Paseo Suite C-4
Palm Dessert, CA  92260


William L Berlat
Law Offices of William L Berlat LTD
3100 N Campbell Ave Ste 101
Tucson, AZ  85719


Joseph P Bottieri
c/o william L Berlat
Law Offices of William L Berlat LTD
3100 N Campbell Ave Ste 101
Tucson, AZ  85719

Wayne Caffey
c/o Keith Rosenbaum
Law Offices of Rosenbaum & Deihl
8001 Irvine Center Dr Ste 1500
Irvine, CA  92718


Bernade Ceja & Alfredo Ceja Montano
c/o Lilli B Musil
Law Officed of Lilli B Musil
701 S Atlanitc Blvd Ste 202
Monterey Park, CA  91754


John Delancy
c/o Julia A Mouser
Gerger Kahn
2 Park Plaza Suite 650
Irvine, CA  92714


Diane A. King Esq.
Law Offices of Diane A King
12242 Business park Dr #33
Truckee, CA  96161


Don Dykes & Associates
c/o John Mullen Esq
Address Unknown


Eagle Land title Agency Inc
603 E Town St
Columbus, OH  43215


Franchise Tax Board
P O Box 942867
Sacramento, CA  94267


Gary H Weight PC
Aldrich Nelson Weight & Esplin
43 East 200 North
P O Box L
Provo, UT  84603-0200

Yolanda R Garza Esq
330 N "D" St. Ste 425
San Bernardino, CA  92401


Stanley M Hammerman Esq
Hammerman & Hultgren PC
3101 N Central Ste 1070
Phoenix, AZ  85012


Dennis J. Healey
Healey & Healey
74-075 El Paseo Ste A-15
Palm Desert, CA  92260


Imperial Bank
9920 S La Cienega Blvd #1001
Inglewood, CA  90301


Internal Revenue Service
Special Procedures Branch
P O Box 30213
Laguna Niguel, CA  92607-0213


John MacMullin Esq
9634 North 7th Ave
Phoeniz, AZ  85021


L. Scott McClananhan Esq
74-075 el Pasco Suite C-4
Palm Dessert CA  92260


Micro Medic Inc
c/o Michael J Wolf Esq
3111 N Tustin Ave Suite 240
Orange, CA  92865

Hortencia Sanchez
c/o Yolanda R Garza Esq
330 N "D" St Ste 425
San Bernardino, CA  92401


Sonitrol of Long Beach
c/o Milliken & Michaels
3850 N Causeway Blvd 3rd Floor
Metairie, LA  70002


Michael J Wolf Esq
3111 N Tustin Ave Suite 240
Orange, CA  92865

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

FILED

| In re: | CFC MORTGAGE CORPORATION<br>3321 COLONY PLAZA<br>NEWPORT BEACH, CA 92660 | CHAPTER NO.: 7 | 99 APR -7  AM 9: 18 |
|---|---|---|---|
| | | CASE NUMBER:  SA99-13472JR | ................ UPTCY COURT. |

**ORDER TO COMPLY WITH BANKRUPTCY RULES 1007 AND 3015(b)**
**AND NOTICE OF INTENT TO DISMISS CASE UNDER 11 U.S.C. § 109(g)(1)**

BY: _____

TO: ANDREW K. MAUTHE
    18500 VON KARMAN AVE., #700
    IRVINE, CA 92612

**To Debtor and Debtor's Attorney of Record,**
YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:
  1. Schedules:    A _X_ B _X_ C ____ D _X_ E _X_ F _X_ G _X_ H _X_ I ____ J ____
  2. Signed Statement of Financial Affairs
  3. ☐ Other: _____

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with notation 'None' marked thereon.**

According to Bankruptcy Rules 1007 and 3015(b), <u>within fifteen (15) days after you filed the petition,</u>
**YOU MUST EITHER:**

  (1)  File the above-referenced documents and the proper number of copies [Local Rule 1002-1]:

            Chapter 7/12/13    1 Original and 4 Copies
            Chapter 9/11       1 Original and 7 Copies

**OR**

  (2)  File and serve a motion for an order extending the time to file the required documents(s).  If you make such a motion and it is denied after the 15 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY,** in a timely manner with either of the above alternatives, the Court will:

  ▪ Dismiss your case without further notice; and
  ▪ Consider this a willful failure to abide by a court order within the meaning of 11 U.S.C. §109(g)(1).
    This means that if you are an individual or a family farmer [11 U.S.C. §109(g)(1)], you will not be
    eligible to file another bankruptcy petition for 180 days.  Unless an appropriate order of the Court
    is first obtained, even if you manage to file another bankruptcy petition within 180 days from the
    date this order is entered, you will not be protected by the Bankruptcy Code's automatic stay.
    Notwithstanding filing of this subsequent petition, the automatic stay will not prevent creditors from
    evicting you or foreclosing on and selling your property.

**BY ORDER OF THE COURT**
Dated: <u>04/07/99</u>

**JON D. CERETTO, CLERK OF COURT**
By:  <u>ELIZABETH ASIATA</u>
     Deputy Clerk, Tel: (714) 338-5300

51

| IN RE:<br><br>CFC MORTGAGE CORPORATION<br>DEBTOR(S) | CASE NUMBER:  SA99-13472JR |
|---|---|

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am a resident of the county aforesaid, I am over the age of 18 years and not a party of the within entitled action; my business address is:

U.S. Bankruptcy Court
411 W. Fourth Street, 2nd Flr,
Santa Ana, CA  92701

I served the within          (**X**) Case commencement Deficiency Notice
                             (**X**) Order to Comply

on      04/07/99      , to the debtor(s) and debtor's attorney in said action by placing a true copy thereof enclosed in sealed envelope with postage thereon, fully prepaid, in the United States mail at 411 W. Fourth Street, 2nd Flr, Santa Ana, CA  92701 addressed as follows:

| DEBTOR(S) NAME: | ATTORNEY(S) NAME: |
|---|---|
| CFC MORTGAGE CORPORATION | MAUTHE, ANDREW K. |

| DEBTOR(S) ADDRESS: | ATTORNEY(S) ADDRESS: |
|---|---|
| 3321 COLONY PLAZA | 18500 VON KARMAN AVE., #700 |
| NEWPORT BEACH, CA 92660 | IRVINE, CA 92612 |

Executed on      04/07/99      At Santa Ana, CA  92701.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Deputy Clerk's Signature

52

# EXHIBIT C

UNITED STA~
DEPARTMENT OF HOUSIN~           ~NT
Washing~

In the Matter of:

KENNETH KETNER,                          :
                                         :
        Respondent.                      :        Docket No. 97-7048-DB
                                         :
_____         :

In the Matter of:                        :
                                         :
ROBERTA MARTIN,                          :
                                         :
        Respondent.                      :        Docket No. 97-7057-DB
                                         :
_____

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between the United States Department of Housing and Urban Development ("Department" or "HUD"), Kenneth Ketner ("Respondent Ketner"), and Roberta Martin ("Respondent Martin") (collectively referred to as "Respondents").

WHEREAS, the Department alleged that Respondent Ketner, as owner and Respondent Martin as President of CFC Mortgage, breached a proposed Settlement Agreement between HUD and CFC Mortgage Company;

WHEREAS, the Department issued a notice of proposed debarment to Respondents on April 2, 1997;

WHEREAS, the Respondents timely filed an appeal pursuant to 24 C.F.R. Section 24.313;

WHEREAS, the parties mutually desire to avoid further litigation and seek a satisfactory resolution to their disputes; and

WHEREAS, this agreement and all discussions thereto are not deemed admissions of fault or liability on the part of any party.

NOW, THEREFORE, the Department and the Respondents agree as follows:

1.  The Department shall, upon execution of this Settlement Agreement, withdraw its proposed debarments against Respondent Ketner and Respondent Martin.

2.  Respondent Ketner shall pay the Department the sum of $245,000 in full satisfaction of all past, present and future claims HUD may have against CFC Mortgage Company, Respondent Ketner and Respondent Martin with respect to the following loans:

| FHA Case No. 046- | FHA Case No. 046- |
|---|---|
| 8295845 | 8155635 |
| 8217122 | 8016668 |
| 8221156 | 8276931 |
| 8276925 | 7929143 |
| 8327659 | 8320571 |
| 8337945 | 8494321 |
| 7954761 | 7966668 |
| 8125452 | 8925204 |
| 8345080 | 7927806 |
| 7970758 | 7923837 |
| 7905941 | 8219175 |
| 8184691 | 7931748 |
| 8903317 | |

3.  Payment of $245,000 to the Department by Respondent Ketner shall be made in accordance with the following schedule:

a.  $50,000 shall be paid upon execution of this Settlement Agreement.

2

J0193

54

b.   The remaining balance of $195,000 shall be made in 12 equal installments of $16,250 which shall paid as follows:

$16,250 on or before August 1, 1997.

$16,250 on or before November 1, 1997.

$16,250 on or before February 1, 1998.

$16,250 on or before May 1, 1998.

o   $16,250 on or before August 1, 1998.

o   $16,250 on or before November 1, 1998.

o   $16,250 on or before February 1, 1998.

o   $16,250 on or before May 1, 1999.

o   $16,250 on or before August 1, 1999.

o   $16,250 on or before November 1, 1999.

o   $16,250 on or before February 1, 2000.

o   $16,250 on or before May 1, 2000.

All payments shall be made by certified check payable to HUD and addressed to:

John W. Herold, Esq.
Associate General Counsel
Department of Housing and Urban Development
451 7th Street, S.W., Room 10270
Washington, D.C.  20410

ATTN: DANE NARODE

4.   Failure to comply with the terms and conditions of this Settlement Agreement shall constitute independent grounds for imposition of administrative sanctions.

5.   Respondents hereby agree to waive, release and remit any and all claims they may now or in the future have against HUD and

3

J0194

its employees for damages arising out of the April 2, 1997, proposed debarment letters issued by the Department.

6.   HUD hereby agrees to waive, release and remit any and all claims it may now or in the future have against CFC Mortgage, its officers, directors, shareholders, employees or agents, Respondent Ketner and Respondent Martin its employees for damages arising out of the April 2, 1997, proposed debarment letters issued by the Department.

7.   While this Settlement Agreement is for the purpose of resolving the proposed debarment actions taken by the Assistant Secretary for Housing-Federal Housing Commissioner concerning the April 2, 1997, proposed debarment letters, it does not affect nor waive any rights or responsibilities of any other Federal agency to investigate or bring action pursuant to its lawful authority in connection with matters arising out of the April 2, 1997 proposed debarment letters.  In addition, nothing in this Settlement Agreement affects or waives any rights or responsibilities of HUD or any other Federal agency to to investigate or bring other actions unrelated to the matters arising out of the April 2, 1997, proposed debarment letters.

4

J0195

8.   Each side to bear its own costs and legal fees.

WHEREFORE, the parties hereto have duly executed this Settlement Agreement, effective when signed and dated by the representative of the United States Department of Housing and Urban Development.

Date: 5/21/97

_____
Kenneth Ketner

Date: 5/21/97

_____
Roberta Martin


United States Department of
Housing and Urban Development


Date: _____   By: _____
                            Nicolas P. Retsinas
                            Assistant Secretary for
                              Housing-Federal Housing
                              Commissioner

5

J0196

57

# KIRKPATRICK & LOCKHART LLP

1800 MASSACHUSETTS AVENUE, N.W.
2ND FLOOR
WASHINGTON, D.C. 20036-1800
TELEPHONE (202) 778-9000
FACSIMILE (202) 778-9100

PHILLIP L. SCHULMAN
(202) 778-9027
schulmpl@kl.com

September 23, 1997

HAND DELIVER

Dane M. Narode, Esq.
Office of General Counsel
Administrative Proceedings Division
U.S. Department of Housing and
  Urban Development
451 Seventh Street, S.W.
Room 10251
Washington, D.C. 20410

                  Re:   Docket No. 97-135-DB

Dear Mr. Narode:

        Enclosed please find three original Settlement Agreements
executed by our client, Mortgage Capital Resource Corporation
("MCRC"), in connection with the above-captioned Mortgagee Review
Board proceeding.  In addition, pursuant to paragraph 2 of the
Agreement, MCRC has enclosed a cashier's check, No. 212332, in
the amount of $35,000.  Once the Agreements have been signed by a
representative of the Department, please return one original
Agreement for my records.  MCRC now considers this matter closed.

        Please call if you have any questions.  Thank you for your
cooperation.

                  Sincerely,

                  Phillip L. Schulman

Enclosures

cc:  Kenneth Ketner

DC-175962.01

BOSTON · HARRISBURG · MIAMI · NEW YORK · PITTSBURGH · WASHINGTON

J0197

58

# KIRKPATRICK & LOCKHART LLP

1800 MASSACHUSETTS AVENUE, N.W.
2ND FLOOR
WASHINGTON, D.C. 20036-1800

TELEPHONE (202) 778-9000
FACSIMILE (202) 778-9100

PHILLIP L. SCHULMAN
(202) 778-9027
schulmpl@kl.com

May 7, 1997

**VIA FEDERAL EXPRESS**

Mr. Kenneth Ketner
President
Mortgage Capital Resource Corp.
3 Hutton Center
Santa Ana, California  92707

       Re:   In the Matter of:  Kenneth Ketner
               Docket No. 97-7048-DB

             In the Matter of:  Roberta Martin
               Docket No. 97-7057-DB

Dear Ken:

    Enclosed are four copies of a Settlement Agreement between you, Roberta Martin and HUD to resolve the pending proposed debarment actions.  I negotiated this Agreement with government counsel, I recommend you and Roberta sign it.

    There is a typographical error in Paragraph 6.  The words "its employees" on line 6 should be struck.  Sign the Agreements and I will coordinate with HUD in removing the typo.

    When you return the four signed Agreements, include a cashiers or certified check for $50,000 made payable to the U.S. Department of Housing and Urban Development.

    Call me with any questions.

Very truly yours,

Phillip L. Schulman

Enclosures

173234.01

BOSTON · HARRISBURG · MIAMI · NEW YORK · PITTSBURGH · WASHINGTON

J0198

59





J0199

April 28, 2000

Dane M. Narode, Esq.
Office of General Counsel
Administrative Proceedings Division
U.S. Dept. of Housing and Urban Development
451 Seventh Street, S.W.
Room 10251
Washington, DC  20410

RE: CFC Mortgage (Ketner & Martin)

Dear Mr. Narode:

Enclosed, please find the May and final quarterly payment of $16,250.  Please acknowledge receipt of this payment by signing below and returning in the enclosed envelope.

Thank you for your assistance in this matter.

Sincerely,

Roberta Martin
% 3 Hutton Centre Drive, Suite 150
Santa Ana, CA  92707
714-513-1200

J0200

61

April 28, 2000


Dane M. Narode, Esq.
Office of General Counsel
Administrative Proceedings Division
U.S. Dept. of Housing and Urban Development
451 Seventh Street, S.W.
Room 10251
Washington, DC 20410


RE: CFC Mortgage (Ketner & Martin)


Dear Mr. Narode:

Enclosed, please find the May and final quarterly payment of $16,250. Please acknowledge receipt of this payment by signing below and returning in the enclosed envelope.

Thank you for your assistance in this matter.

Sincerely,

*R. Mart*

Roberta Martin
% 3 Hutton Centre Drive, Suite 150
Santa Ana, CA 92707
714-513-1200

_____

J0201

**UPS** UPS Next Day Air
UPS Worldwide Express
**Shipping Document**

SHIPPER'S COPY

See instructions on back. Call 1-800-PICK-UPS (800-742-5877) for additional information.

TRACKING NUMBER: J042 266 971 4

SHIPPER'S UPS ACCOUNT NO.: 9243790066

REFERENCE NUMBER:

NAME: ROBERTA MARTIN   TELEPHONE: 714-513-1200

COMPANY: MORTGAGE CAPITAL RESOURCE

STREET ADDRESS: 3 HUTTON CENTRE DR #150

CITY AND STATE: SANTA ANA   CA   ZIP CODE: 92707

EXTREMELY URGENT DELIVERY!

NAME: MR. DANE M. NARODE, ESQ.   TELEPHONE:

COMPANY: U.S. DEPT. OF HUD

STREET ADDRESS: 451 Seventh Street, S.W.   DEPT./FLOOR: Room 10251

CITY AND STATE (INCLUDE COUNTRY IF INTERNATIONAL): Washington,   DC   20410

- [ ] NEXT DAY AIR
- [ ] WORLDWIDE EXPRESS (INTERNATIONAL)
- [ ] DOCUMENTS ONLY
- [ ] SATURDAY PICKUP
- [ ] SATURDAY DELIVERY
- [ ] DECLARED VALUE   AMOUNT
- [ ] C.O.D.
- [ ] An Additional Handling Charge applies for certain items.

SHIPPER'S SIGNATURE: X DeShiffe

01019112008 2/99 W

---

**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT

85958

| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | 85958 |
|---|---|---|---|---|
| TMP1868 | HUD | 000129858 | 4/28/00 | |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | DESCRIPTION | AMOUNT PAID |
|---|---|---|---|---|---|
| 1000155709 | 04/28/00 | 4/28/00 | $16,250.00 | PENALTY | $16,250.00 |
| | | | | | |
| | | | $16,250.00 | | $16,250.00 |

COMMENT

J0202

63

February 3, 2000

Dane M. Narode, Esq.
Office of General Counsel
Administrative Proceedings Division
U.S. Department of Housing and
Urban Development
451 Seventh Street, S.W.
Room 10251
Washington, DC 20410

RE:     CFC Mortgage (Ketner & Martin)

Dear Mr. Narode:

Enclosed, please find the February quarterly payment of $16,250.  Please acknowledge receipt of this payment by signing below and returning in the enclosed envelope.

Thank you for your assistance in this matter.

Sincerely,

Roberta Martin
% 3 Hutton Centre Drive, #150
Santa Ana, Ca. 92707
714-513-1200

J0203

64

| | YOUR VOUCHER NUMBER | DATE | AMOUNT | DESCRIPTION | | AMOUNT PAID |
|---|---|---|---|---|---|---|
| | 02/02/2000 | 2/2/00 | $16,250.00 | PENALTY | | $16,250.00 |
| | | | $16,250.00 | | | $16,250.00 |

COMMENT

THIS CHECK HAS A TRUE DOCUCHECK™ WATERMARK AND VISIBLE FIBERS DESCERNIBLE FROM BOTH SIDES

**M C R**

**MORTGAGE CAPITAL RESOURCE**

DISBURSEMENT ACCOUNT (909) 787-4088 • 2008 Iowa Avenue, Suite 100, Riverside, CA 92507

LASALLE NATIONAL BANK
CHICAGO, ILLINOIS 60603
2-30/710

**82469**

DATE 2/2/00

AMOUNT $16,250.00

PAY Sixteen Thousand Two Hundred Fifty Dollars And 00 Cents

TO THE
ORDER
OF    HUD

VOID AFTER 90 DAYS

CFO

⑈082469⑈ ⑆071000505⑆ 58000890 79⑈

J0204



J0205

66

**APITAL RESOURC**
**BEMENT ACCOUNT**

75427

75427

| NAME | | PAYMENT NUMBER | CHECK DATE | | | |
|---|---|---|---|---|---|---|
| | | 000163756 | 7/30/99 | | | |
| HUD | | | | | | AMOUNT PAID |
| NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | | DESCRIPTION | $16,250.00 |
| | 7/26/99 | 7/26/99 | $16,250.00 PENALTY | | | |
| | | | | | | |
| | | | | | | |
| | | | $16,250.00 | | | $16,250.00 |

COMMENT

THIS CHECK HAS A TRUE DOCUCHECK™ WATERMARK AND VISIBLE FIBERS DISCERNIBLE FROM BOTH SIDES

LASALLE NATIONAL BANK
CHICAGO, ILLINOIS 60603
2.50/710

75427

# MCR
**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT (909) 787-4049 - 2035 Iowa Avenue, Suite 100, Riverside, CA 92507

DATE
7/30/99

AMOUNT
$16,250.00

Sixteen Thousand Two Hundred Fifty Dollars And 00 Cents

PAY
TO THE
ORDER
OF      HUD

VOID AFTER 90 DAYS

CFO

⑈075427⑈ ⑈071000505⑈ 5800089079⑈

J0206

# MCR
MORTGAGE CAPITAL RESOURCE

## CHECK REQUEST

| BRANCH | Corp | DATE | 5/3/99 |
|--------|------|------|--------|

PAYABLE TO _Dept of Housing + Urban Development_

ADDRESS _____

CITY _____ STATE _____ ZIP _____

AMOUNT $ _16,250_   CHARGE TO ACCT.# _____

OR CHARGE TO _____

REASON FOR CHECK _penalty pmt_

| REQUESTED BY | APPROVED BY | ISSUED BY |
|--------------|-------------|-----------|

FAILURE TO COMPLETE ALL INFORMATION WILL RESULT IN DELAY OF PAYMENT

NOTES:

Dianne —
Please give check
to Ron.
TNX!

February 11, 1999

Dane M. Narode, Esq.
Office of General Counsel
Administrative Proceedings Division
U.S. Department of Housing and
 Urban Development
451 Seventh Street, S.W.
Room 10251
Washington, DC 20410

RE:    CFC Mortgage (Ketner & Martin)

Dear Mr. Narode:

Enclosed, please find the February quarterly payment of $16,250.  Please acknowledge
receipt of this payment by signing below and returning in the enclosed envelope.

Thank you for your assistance in this matter.

Sincerely,

*R. Martin*

Roberta Martin
%3 Hutton Centre Dr., #150
Santa Ana, CA  92707
714-513-1200

Received 2/11/97

RECEIVED
FEB 1 7 1999
ADMINISTRATIVE PROCEEDINGS
DIVISION

J0208

69



J0209

**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT

**59009**

| VENDOR ID | NAME | | PAYMENT NUMBER | CHECK DATE | | 59009 |
|---|---|---|---|---|---|---|
| TMD1680 | HUD | | 000058794 | 8/3/98 | | |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | DESCRIPTION | AMOUNT PAID |
|---|---|---|---|---|---|
| 1000066840 | 8/3/98 | 8/3/98 | $16,250.00 | PENALTY/CORP | $16,250.00 |

MMENT                                              $16,250.00                                      $16,250.00

---

THIS CHECK HAS A TRUE DOCUCHECK™ WATERMARK AND VISIBLE FIBERS DISCERNIBLE FROM BOTH SIDES

**M R**

**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT (909) 787-4099 - 2035 Iowa Avenue, Suite 100, Riverside, CA 92507

LASALLE NATIONAL BANK
CHICAGO, ILLINOIS 60603
2-52/710

**59009**

DATE                    AMOUNT
8/3/98               $16,250.00

Y  Sixteen Thousand Two Hundred Fifty Dollars And 00 Cents
HE
ER

HUD

VOID AFTER 90 DAYS

Roger W. Luby
C.E.O.

J0210

71



## CHECK REQUEST

**MCR**
MORTGAGE CAPITAL RESOURCE

| BRANCH *Corp* | | DATE 5/1/98 |
|---|---|---|
| PAYABLE TO HUD. | | |
| ADDRESS | | |
| CITY | STATE | ZIP |
| AMOUNT $ 16,250ᵒᵒ | CHARGE TO ACCT.# | |
| OR CHARGE TO | | |
| REASON FOR CHECK *penalty* | | |

| REQUESTED BY | APPROVED BY | ISSUED BY |
|---|---|---|
| | | |

FAILURE TO COMPLETE ALL INFORMATION WILL RESULT IN DELAY OF PAYMENT ☺

*Please send me a copy of the check + delivery form. THX! @*

NOTES: Dianne -
Please Overnight this check
to: John W. Herold, Esq.
Associate General Counsel
Dept of Housing + Urban Devel.
451 7TH Street, S.W., Room 10270
Washington, D.C. 20410
Attn: Dane Narode

J0211

72

MAY 01 '98 17:31 FR MCR ACCOUNTING      9092755742 TO 17145131211      P.02/02

**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT

54303

| VENDOR ID | NAME | PAYMENT NUMBER | CHECK DATE | | |
|---|---|---|---|---|---|
| | DEPT. HSNG. & URBAN DEV | 54303 | 5/1/98 | | |

| OUR VOUCHER NUMBER | YOUR VOUCHER NUMBER | DATE | AMOUNT | DESCRIPTION | AMOUNT PAID |
|---|---|---|---|---|---|
| | | | | PENALTY | $16,250.00 |
| | | | | 2/4 # 45164 | |

COMPANY

THIS CHECK HAS A TRUE DOCUCHECK™ WATERMARK AND VISIBLE FIBERS DISCERNIBLE FROM BOTH SIDES

**MCR**

LASALLE NATIONAL BANK
CHICAGO, ILLINOIS 60603
2-60/710

54303

**MORTGAGE CAPITAL RESOURCE**
DISBURSEMENT ACCOUNT (909) 787-4088 • 2038 Iowa Avenue, Suite 100, Riverside, CA 92507

| DATE | AMOUNT |
|---|---|
| 5/1/98 | $16,250.00 |

PAY
TO THE
ORDER
OF

SIXTEEN THOUSAND TWO HUNDRED FIFTY DOLLARS AND 00/100

DEPT OF HOUSING & URBAN DEVELOPMENT

*Roger W. Luby*
C.E.O.

⑈054303⑈ ⑆071000505⑆ 5800089079⑈

J0212

73

MAY 01 '98 17:30 FR MCR ACCOUNTING    9092755742 TO 17145131211    P.01/02

**UPS Next Day Air**
**UPS Worldwide Express**

Shipping Document

SHIPPER'S COPY

See instructions on back. Call 1-800-PICK-UPS (800-742-5877) for additional information.

N268 305 305 4

UPS SHIPPER NO. / UPS BILLING NO.
9611698853

REFERENCE NUMBER

NAME                                    TELEPHONE
                                        909-787-4088
COMPANY
MORTGAGE CAPITAL RESOURCE
STREET ADDRESS
2038 IOWA AVE RM #100
CITY AND STATE              ZIP CODE
RIVERSIDE          CA       92507

DELIVERY TO
NAME                        TELEPHONE
John W. Herold Esq.
COMPANY
Dept of Housing & Urban Devel.
STREET ADDRESS              DEPT/FLOOR
451 7th St. SW.    Room 10270
CITY AND STATE              ZIP CODE
Washington    DC    20410
ATTN David Nimrode

SHIPPER'S SIGNATURE          DATE OF SHIPMENT
                             5-1-98

010191130 6/97 W

attn Roberta
2 pgs.

714 5/3 1811

J0213

74