LAW OFFICE OF
**WILLIAM J. KOPENY & ASSOCIATES**
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
TELEPHONE: (949) 453-2243
FACSIMILE: (949) 453-2820

WILLIAM J. KOPENY (SBN 61764)

**Attorneys for Defendant // KENNETH KETNER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>KENNETH KETNER,<br><br>                              Defendant. | Case No. SA CR-05-36-JVS<br>Case No. SA CV 09-662-JVS<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE SENTENCE (28 U.S.C. § 2255) |

**TO:  THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Defendant, KENNETH KETNER (also referred to as "Petitioner"), through counsel of record, William J. Kopeny, files his reply to the Government's Opposition to Defendant's Motion to vacate the sentence pursuant to 28 U.S.C. § 2255.

Dated: September 2, 2009

Respectfully submitted,

William J. Kopeny & Associates

/S/

By: WILLIAM J. KOPENY
Counsel of Record for Defendant
KENNETH KETNER

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1

# **Table of Contents**

2

3
DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION
TO MOTION TO VACATE SENTENCE (18 U.S.C. § 2255) . . . . . . . . . . . . . 1-19

4

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iii

5

I.      Summary of Government's Opposition . . . . . . . . . . . . . . . . . . . . . . . . . 1

6

II.     Summary of Ketner's Reply . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

7

III.    Reply Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-17

8

A.

9

        NO AUTHORITY SUPPORTS THE GOVERNMENT'S
10      CLAIM THAT THE CURRENT INEFFECTIVE
        ASSISTANCE OF COUNSEL CLAIM IS
11      PROCEDURALLY DEFAULTED . . . . . . . . . . . . . . . . . . . . . . . . . 2-8

12

B.

13      THE GOVERNMENT'S ANALYSIS OF THE
        STANDARD FOR DECIDING AN IAC CLAIM IS
14      INCOMPLETE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

15

C.

16      THE GOVERNMENT'S CONCLUSORY ARGUMENT
        THAT COUNSEL'S PERFORMANCE WAS NOT
17      DEFICIENT SHOULD NOT BE CREDITED BY THIS
        COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-12

18

D.

19

        THE GOVERNMENT'S PREJUDICE ARGUMENT
20      MISSES THE POINT OF KETNER'S MOTION, AND
        FAILS TO APPLY A CUMULATIVE PREJUDICE
21      ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-17

22

E.

23      THE CERTIFICATE OF APPEALABILITY ISSUE IS
        PREMATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

24

25  IV.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

26  Declaration of William J. Kopeny . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

27  *Proof of Service*

28

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16845 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

# Table of Authorities

**Cases**:                                                                                    **Pages**:

*Brady v. Maryland,*
373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kyles v. Whitley,*
514 U.S. 419 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Strickland v. Washington,*
466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Bantula,*
122 F.3d 1074 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Benford,*
- F3d –, 2009 WL 2357774 (9th Cir. 2009) . . . . . . . . . . . . . . . . 6

*United States v. Birges,*
723 F.2d 666 (9th Cir. 1984)
*cert. denied* 466 U.S. 943 (1984) . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Boyde,*
404 F.3d 1159 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Henson,*
123 F.3d 1226 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Huckins,*
53 F.3d 276 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Jeronimo,*
398 F.3d 1149 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Labrada-Bustamente,*
428 F.3d 1252 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. McKenna,*
327 F.3d 830 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Pirro,*
104 F.3d 297 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8

*United States v. Pope,*
841 F.2d 954 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Richards,*
566 F.3d 553 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Sitton,*
968 F.2d 947 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1

## **Table of Authorities**
## **Continued**

2

3   **Statutes**:                                                                      **Pages**:

4

5   28 U.S.C.

6
    Section 2241   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7
    Section 2255   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

# I.

## Summary of Government's Opposition

In its introduction, the Government contends Defendant's arguments lack merit,[1] but spends a substantial part of its response to the proposition that this issue was waived because it was not raised on direct appeal.[2]

Next, the Government purports to address the merits of Defendant's ineffective assistance of counsel argument, but devotes two pages to stating the same general principles contained in the moving papers,[3] and two pages to a conclusory claim that "Defendant's counsel was not ineffective,"[4] and three pages to an ill conceived argument that there was no prejudice shown from counsel's errors.[5]

Finally, the Government confidently requests that a certificate of appealability be denied (assuming this Court is going to deny the instant motion).[6]

# II.

## Summary of Ketner's Reply

Defendant argues below:

1.    Ninth Circuit authority clearly holds that in IAC claims such as the present claims, which depend on evidence showing what defense counsel failed to do, cannot be raised on direct appeal, and thus there is no procedural bar to the present motion.

---

[1]    Govt. Response, p. 1, lns. 10-11.

[2]    Govt. Response, pp. 3-8.

[3]    See *Id.*, pp. 8-9.

[4]    *Id.*, pp. 9-10.

[5]    *Id.*, pp. 11-13.

[6]    *Id.*, p. 14.

2.      The Government omits one important general principle in its discussion of the standard for determining IAC -- the requirement that the effect of counsel's errors must be considered cumulatively.

3.      The Government's discussion of whether or not counsel rendered objectively ineffective assistance, falling below prevailing standards for defense counsel's conduct in similar cases, actually establishes that counsel was ineffective, because it concedes defense counsel raised a claim that Johnson lacked credibility, but that he utterly failed to offer or bring to the Court's attention the most compelling evidence supporting that chosen strategy.   In addition, the other conclusory statements of the Government regarding whether or not counsel was ineffective are neither supported by authority, nor logical in the context of the present case.

4.      The Government's argument regarding prejudice is neither persuasive standing on its own terms, nor is it in line with the law requiring prejudice alleged from a series of alleged counsel errors to be considered cumulatively.

5.      Should this Court deny the defendant's motion, Defendant may seek a certificate of appealability, however, he will do so in due course once the grounds of this Court's ruling is known, rather than assuming what those grounds may be.

**III.**

**<u>Reply Argument</u>**

**A.**

**NO AUTHORITY SUPPORTS THE GOVERNMENT'S CLAIM THAT THE CURRENT INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS PROCEDURALLY DEFAULTED**

Contrary to the Government's argument, Defendant has not procedurally defaulted on his ineffective assistance of counsel ("IAC") claim.

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1    First, it should be noted that none of the authority the Government relies upon

2  is an IAC federal appeal case.  In fact, the Government instead cites general principles

3  of federal criminal appellate law, holding, generally, that where an issue is present in

4  the record on appeal, and the issue is not raised, it is waived by the failure to raise it,

5  subject to the narrow exceptions the Government discusses at pp. 4-8.

6    Second, the Government neither presented any evidence regarding the facts it

7  relies on, nor correctly stated those facts as they relate to the procedural default

8  argument.

9    At p. 8, lns. 1-2, the Government writes:

10    "Despite the fact that defendant's trial defense counsel objected to the

11    PSR's reliance on co-defendant Johnson's statements, defendant's

12    appellate counsel did not appeal any ruling by the court on this issue."

13    The Government supplies no evidence of this assertion and it is only partially

14  accurate.

15    However, as the Government brief points out, Defendant's present counsel *was*

16  his appellate counsel, and although the Government cites to nothing to support its

17  claims that no issue on appeal relating to the defense objection to the PSR's reliance

18  on Johnson's statements was raised on appeal, the attached Declaration of (present)

19  counsel shows that Mr. Ketner did, indeed, raise an issue on appeal regarding the

20  credibility of Johnson's *unsworn* statements relied upon.

21    The title of that argument on direct appeal was:

22    "THE DISTRICT COURT RELIED ON UNRELIABLE HEARSAY IN

23    REACHING ITS CONCLUSION THAT APPELLANT SHOULD

24    RECEIVE A 3-LEVEL UPWARD ADJUSTMENT FOR HIS ROLE IN

25    THE OFFENSE."[7]

26

27

28

---

[7]    Please see Declaration of William J. Kopeny, attached.

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1    In that argument, Appellant argued, in part, that evidence already in the record

2    contradicted some of Johnson's unsworn statements, and that his counsel generally

3    urged to this Court that: "several witnesses on whom the PSR relies (e.g., Mr.

4    Benincosa, Roger Luby, Beverly Fleming, Roberta Martin, Scott, Miller and Kevin

5    Bonds, as well as cooperating co-defendant Allen Johnson) were "motivated to deflect

6    and diminish their own involvement and responsibility, and that there were

7    demonstrated misrepresentations by Johnson. (Defendant's Objections to the PSR, ER,

8    p. 62.)"[8/]

9    Ironically, the Government argued on direct appeal that the record on appeal did

10   not establish that the statements at issue were unreliable, and pointed out counsel's

11   failure to offer any specific evidence on the issue and the Court of Appeals agreed.[9/]

12   Here, in this motion, Defendant agrees with that, and has supplied the missing

13   evidence. Obviously, he could not have alleged IAC without this missing information

14   being in the record on appeal, and there is no way to insert evidence supporting a

15   party's position on appeal that was not introduced in the district court. Moreover, in

16   this case, at the time Ketner appealed, Johnson had not yet been sentenced, and so that

17   exhibit, relied upon in this motion, did not exist when Ketner file his appeal.

18   Ninth Circuit authority clearly holds that in IAC claims such as the present

19   claims, which depend on evidence showing what defense counsel failed to do, cannot

20   be raised on direct appeal, and thus there is no procedural bar to the present motion.

21   The rule on federal appeals is that with *rare* exception, the issue of ineffective

22   assistance of counsel is not an issue that can be raised on direct appeal because the

23   record is not sufficiently developed to allow the Circuit Court to review it. *See United*

24   *States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003); *United States v. Pirro* 104 F.3d

25

26

---

27   [8/]    Declaration of William J. Kopeny, quoting from AOB, p. 27.

28   [9/]    Declaration of William J. Kopeny, referring to Appellee's Brief on Appeal and the memorandum decision of appeal.

1  297, 299 (9th Cir.1997); *United States v. Birges*, 723 F.2d 666, 670 (9th Cir.), cert.

2  denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984).

3      The customary procedure for challenging the effectiveness of defense counsel

4  in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. §

5  2255.  See *United States v. Pirro, supra*, 104 F.3d 297, 299.

6          " 'The customary procedure for challenging the effectiveness of defense

7          counsel in a federal criminal trial is by collateral attack on the conviction

8          under 28 U.S.C. § 2255.' *United States v. Miskinis*, 966 F.2d 1263, 1269

9          (9th Cir.1992) (quoting *United States v. Birges*, 723 F.2d 666, 670 (9th

10         Cir.), cert. denied, 466 U.S. 943, 104 S.Ct. 1926, 80 L.Ed.2d 472 (1984)

11         (alteration omitted)). We have rejected the use of a Rule 33 motion for

12         new trial based on 'newly discovered evidence' involving the ineffective

13         assistance of counsel. *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th

14         Cir.1994), cert. denied, 514 U.S. 1068, 115 S.Ct. 1702, 131 L.Ed.2d 564

15         (1995). We also have rejected the use of direct appeal for ineffective

16         assistance of counsel claims, except in limited circumstances where the

17         record is sufficiently developed. *Miskinis*, 966 F.2d at 1269. " *Id.*, *United*

18         *States v. Pirro, supra*, 104 F.3d at 299.

19     Defendant cites *Pirro* because the Government is calling to this Court's attention

20  the fact that present counsel was Mr. Ketner's attorney on appeal, and suggesting that

21  it was counsel's conduct (in not raising IAC on direct appeal) that waived the issue of

22  ineffective assistance, which waiver the Government is now asserting as a defense to

23  this motion, brought under Section 2255.

24     Defendant's counsel was also counsel in the *Pirro* appeal cited above, and was

25  cognizant of the general rule that IAC could not be raised on direct appeal, but sought

26  to raise the issue by way of a Section 2241 motion because the general practice in

27  federal courts is to preclude allowing a Section 2255 motion to be heard while the

28  direct appeal is pending and thus, arguably, Section 2255 is not an adequate substitute

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

for the Constitutional right to habeas corpus relief in that unique setting. *Pirro* rejected that argument and held that a Section 2255 motion was adequate, and that Mr. Pirro could *either* dismiss his direct appeal, or wait until it was resolved (sans IAC claim) and then raise the IAC issue in a post-appeal Section 2255 motion. That is what Mr. Pirro did, and that is also what Mr. Ketner did in the present case.

In *United States v. Benford*, -- F.3d --, 2009 WL 2357774 (9th Cir. 2009), the Ninth Circuit recently explained the general rule invoked in *Pirro* as follows:

> " 'As a general rule,' we do not review ineffective assistance of counsel claims on direct appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir.2005)."

> "The rationale for our general rule ... is that ineffectiveness of counsel claims usually cannot be advanced without the development of facts outside the original record. Stated another way, a challenge to effectiveness of counsel by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.

> "We have recognized two extraordinary exceptions to this general rule: We have permitted ineffective assistance claims to be reviewed on direct appeal in the unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. Id. at 1156 (alterations, internal quotation marks, and citations omitted)." *United States v. Benford, supra*, 2009 WL 2357774, at *2.

*Pirro* and *United States v. Jeronimo*, 398 F.3d 1149 (9th Cir. 2005) are widely cited by the Ninth Circuit as the reason defendants cannot and should not raise ineffective assistance of counsel in direct appeal. See e.g., *United States v. Labrada-Bustamonte*, 428 F.3d 1252, 1260 (9th Cir. 2005).

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1    Put another way, ineffective assistance claims are ordinarily reviewed in

2    collateral proceedings *because* the claims cannot usually be resolved without

3    development of facts outside the record. *United States v. Sitton*, 968 F.2d 947, 960 (9th

4    Cir.1992); see also *United States v. Henson*, 123 F.3d 1226 (9th Cir.1997). Such is the

5    present case.

6    Collateral attack is preferable because "it permits the defendant to develop a

7    record as to what counsel did, why it was done, and what, if any, prejudice resulted."

8    *United States v. Pope*, 841 F.2d 954, 958 (9th Cir.1988).

9    In this case, Ketner has relied on two categories of evidence which was not in

10   the record on appeal: (1) Johnson's sentencing hearing; and (2) reports and transcripts

11   of statements regarding the subject matter of Johnson's (largely) unsworn statements

12   by Johnson to the Government used against Ketner at Ketner's sentencing[10] lacked the

13   benefit of such a record on his direct appeal and even if he had raised the IAC claim

14   he has asserted in the instance Section 2255 motion, the Circuit Court could not have,

15   and would not have, reviewed it on direct appeal. It could not, therefore, have been

16   waived by his alleged failure to assert it.

17   Moreover, the Government's argument of waiver, laid at the feet of current

18   counsel, appears to raise an issue of conflict of interest, since if the argument had any

19   merit at all, Ketner could argue his current counsel was ineffective on his direct appeal

20   for not raising this IAC claim, and further that counsel's errors on direct appeal

21   provided the Government's defense to this motion.[11]

22   Since the above case law and discussion establishes that the Government's

23   waiver argument has not merit, at all, this Court is urged to address and reject the

24   Government's claim that this IAC claim was waived by failure to raise it on direct

25

26   [10]   Please see Declaration of William J. Kopeny, attached.

27   [11]   In the unpublished case of *United States v. Bantula*, 122 F.3d 1074, 1997
     WL 537598, (9th Cir. 1997) the Court rejected an ineffective assistance of appellate
28   counsel argument for failing to raise IAC on direct appeal on this basis, citing *United
     States v. Pirro, supra.*

1   appeal so that Mr. Ketner and his current counsel will have the benefit of that

2   determination in any future proceedings.

### B.

### THE GOVERNMENT'S ANALYSIS OF THE STANDARD FOR DECIDING AN IAC CLAIM IS INCOMPLETE

8   The Government omits one important general principle in its discussion of the

9   standard for determining IAC -- the requirement that the effect of counsel's errors must

10  be considered cumulatively.   At pp. 43-45, Ketner shows that the *Strickland* standard,

11  which is a due process standard borrowed explicitly by the United States Supreme

12  Court from the *Brady* due process standard, requires that the errors of counsel be

13  considered cumulatively for purposes of the prejudice prong of the test.    See

14  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[12]

15  The significance of the fact that the Supreme Court used, unchanged, the

16  "sufficient to undermine confidence in the outcome" standard directly from *Brady*, is

17  that there is a well developed body of United States Supreme Court jurisprudence

18  holding that prejudice flowing from such due process errors must be weighed

19  collectively, and not on a divide and conquer analysis.   As the Supreme Court stated

20  in *Strickland* itself:

21      "Accordingly, the appropriate test for prejudice finds its roots in the test

22      for materiality of exculpatory information not disclosed to the defense by

---

[12]   "The defendant must show that there is a reasonable probability that, <u>but for counsel's unprofessional errors,</u> the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.*, 466 U.S. at 694)
"

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1     the prosecution, United States v. Agurs, 427 U.S., at 104, 112-113, 96

2     S.Ct., at 2397, 2401-2402" *Strickland, supra,* 466 U.S. 668, 694.

3     As Ketner pointed out in his opening brief, the due process test adopted for IAC

4 claims in *Strickland* is always applied on a cumulative basis.

5     "The fourth and final aspect of *Bagley* materiality to be stressed here is

6     its definition in terms of suppressed evidence <u>considered collectively, not</u>

7     <u>item by item.</u>" *Kyles v. Whitley,* 514 U.S. 419, 436 (1995).

8     As noted above, Ketner cited an excerpt from *Strickland* itself, alluding to the

9 prejudice flowing from the "errors" of counsel.

10     Federal Appellate Courts agree.  See *United States v. Richards,* 566 F.3d 553,

11 571-572 (5th Cir. 2009), citing the same language from *Strickland* Ketner relied on in

12 his moving papers and here, saying:

13     "Based on our review of the record and <u>considering the cumulative effect</u>

14     <u>of Davis's inadequate performance,</u> we think it is extremely likely that,

15     but for Davis's objectively unreasonable representation of Richards, the

16     jury would have concluded that the later assault led to Baker's death, and

17     would have convicted Richards of, at most, aggravated assault. *See*

18     *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 (prejudice established when

19     'there is a reasonable probability that, <u>but for counsel's unprofessional</u>

20     <u>errors,</u> the result of the proceeding would have been different')." *United*

21     *States v. Richards, supra,* 566 F.3d at 571-572.

22     Ninth Circuit authority is in accord:

23       "To support his ineffective assistance claim, Boyde must show both

24     that his counsel's performance fell below the 'wide range of

25     professionally competent assistance' and that he was prejudiced by the

26     deficient performance. *Strickland v. Washington,* 466 U.S. 668, 690,

27     693-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We must analyze each

28     of his claims separately to determine whether his counsel was deficient,

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1   but 'prejudice may result from the cumulative impact of multiple

2   deficiencies.' *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir.1978)

3   (en banc); see also *Harris ex rel. Ramseyer v. Wood*, 64 F.3d 1432,

4   1438-39 (9th Cir.1995)." *United States v. Boyde*, 404 F.3d 1159, 1176

5   (9th Cir. 2004).

6       This omission in the Government's analysis is significant in the present case

7   because the Government clearly states in its prejudice argument that "the government

8   took each of these facts individually." <u>Government's Brief, p. 13, lns. 20.</u>

9       Because no cumulative analysis is offered by the Government, there is no basis

10  for rejecting Ketner's cumulative prejudice argument set forth in his moving papers.

11

12  **C.**

13  **THE GOVERNMENT'S CONCLUSORY ARGUMENT THAT**
    **COUNSEL'S PERFORMANCE WAS NOT DEFICIENT SHOULD**
14  **NOT BE CREDITED BY THIS COURT**

15      The Government's discussion of whether or not counsel rendered objectively

16  ineffective assistance, falling below prevailing standards for defense counsel's conduct

17  in similar cases, actually supports Ketner's IAC argument because the Government

18  concedes that defense counsel raised a claim that Johnson lacked credibility, but that

19  he utterly failed to offer or bring to the Court's attention the most compelling evidence

20  supporting that chosen strategy, which has been supplied to the Court by Ketner in this

21  motion.

22      Specifically the Government argues on p. 10 of its opposition that:

23      "Further, Defendant's trial counsel did in fact raise issues with the

24      credibility of codefendant Allen Johnson.  In defendant's 'Objection

25      Presentence Investigation Report' (sic) filed on April 23, 2007, which

26      consisted of 242 pages of briefing and exhibits, defendant's counsel

27      argued '[The PSR's reliance on Johnson in this matter is misguided, as he

28      worked mightily to maximize his value to the government . . .' 'Allen

1   Johnson's cooperation agreement and his demonstrated

2   misrepresentations are totally ignored. The PSR does nothing to address

3   the biases and does nothing to rest (sic) the reliability of these witnesses.'

4   See <u>CR</u> 162, at 18-19."[13]

5   This is the *general* objection referred to above, and in the attached Declaration

6   of counsel, but what the Government's argument does not appear to appreciate is that

7   having chosen to attack Johnson's credibility, it was incumbent on counsel to present

8   and argue available evidence that specifically contradicted Johnson on the points

9   critical to his credibility, on points relevant to his motive to shift all blame to Ketner,

10  and on points generally demonstrating his exaggeration of the length of time Ketner

11  was engaging in illegal conduct in this case, and the lavish nature of his lifestyle.

12  In addition, the other conclusory statements of the Government regarding

13  whether or not counsel was ineffective are neither supported by authority, nor logic in

14  the context of the present case.

15  Specifically, the Government begins its argument that counsel was not

16  ineffective by quoting this Court's belief that it had a "full and complete record to

17  sentence and impose a reasonable sentence." <u>Government's Brief</u>, p. 9, lns. 18-10.

18  But, this is a red herring argument, since clearly, even though the Court had a large

19  amount of paper, it was not given the materials submitted with the instant motion,

20  which were in the possession of *both* the Government and defense counsel, even

21  though that material included testimony under oath contradicting Johnson on the points

22  set out in the moving papers, and statements given to Government agents about

23  Johnson which also contradicted Johnson's contentions and some of the Government's

24  positions which were based on references to those statements by Johnson.

25

26

_____

27  [13] Presumably, this is a reference to the Clerk's Record on appeal in this case, not a reference to the CR mentioned in footnote 2 on page 1 of the Government's Brief

28  which appears to be a mechanical error alluding to the case of U.S. v. Joel Boyd, not relevant to this case.

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

So, with great respect to this Court's statement of its belief, that belief must of necessity have been based on what the Court was given by the parties -- it is not a refutation of a supported allegation later that there was important information the Court was not given.

Next the Government recites that defense counsel did a lot of work on the sentencing in this case by listing what he did file, each with the number of pages of the pleadings and exhibits submitted. This too, while impressive in a resume, is not any kind of valid argument that what was in those pleadings or exhibits rendered counsel's efforts adequate, in light of the fact that the Government does not dispute that counsel had the items submitted in support of his motion but did not submit them to contest Johnson's credibility, even though that was one of his main positions at sentencing.

Finally, the Government concedes that the moving papers here "provide more detail as to why the statements made by codefendant Allen Johnson should not be considered" in the guise of claiming that it was perfectly alright for counsel, who did "raise the issue" of Johnson's credibility, not to provide similar detail or evidentiary support.

In this regard, it is significant to consider: (1) the Government obtained an order waiving the attorney-client privilege in this case but produced <u>no declaration or other statement of trial counsel, supporting its position that counsel was not ineffective for not presenting the evidence Ketner supplied with his instant motion</u>; and (2) the Government argued on appeal that Johnson's statements were reliable enough to be considered by this Court, but now concedes that defense counsel failed to offer the additional evidence and "detail" (as the Government terms it) showing "why the statements made by codefendant Allen Johnson should not be considered."

Far from a convincing argument that defense counsel did not render ineffective assistance, the statements and discussion at pages 9-10 of the Government's brief further bolster Ketner's contention that counsel's performance *was* indeed deficient.

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

**D.**

**THE GOVERNMENT'S PREJUDICE ARGUMENT MISSES THE POINT OF KETNER'S MOTION, AND FAILS TO APPLY A CUMULATIVE PREJUDICE ANALYSIS**

The Government's argument regarding prejudice is neither persuasive standing on its own terms, nor is it in line with the law requiring prejudice alleged from a series of alleged counsel errors to be considered cumulatively.

Specifically, the Government cites to this Court's reason for its sentence, given at a time when: (a) it did not have the information presented with this motion that undermines the credibility of Johnson; and (b) it had not sentenced Johnson (who appears to Ketner to be very nearly as culpable as Ketner himself) to a sentence of approximately 1/5 of the time Ketner was given.

In that statement, the Court referred to the "nature and magnitude" of the fraud in this case, and yet the Court did not have before it, and thus could not consider, the fact that: (a) Johnson's money laundering was of a *greater* magnitude than Ketner's according to the Government and their respective plea agreements; and (b) substantial evidence that completely undermines Johnson's credibility, and shows him to be an unreliable witness on whom the Court should have not relied in reaching its sentencing conclusions in this case.

Next, without explaining why, the Government states its unsupported conclusion that even if the contentions of Ketner on this motion are true, "there is no reasonable probability that the Court would have sentenced defendant to 51 months." Government's Brief, p. 11, 17-18.

This is a remarkable statement in view of the fact that it is really impossible for anyone -- Ketner or his counsel or Government's counsel -- to know what this Court would have done if it had known the truth about Johnson, and if it had considered the disparity between the two defendants' sentences that resulted from Johnson's one year and one day sentence when it was sentencing Ketner.

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1    Next, the Government takes, individually, contradictions addressed in the

2    moving papers and argues that each one is insufficient to cause this Court to sentence

3    differently.

4        The Government states that the distinction between Johnson's "illegal" remark

5    about sharing fees is contradicted by his later statement it is "unethical" but ignores the

6    fact that these statements are evidence that Johnson was, contrary to his own self-

7    serving claims elsewhere, serving in an attorney client capacity for Ketner and the

8    company, and show that Johnson was not the innocent he portrayed himself to be, but

9    as an attorney at law, he foresook his solemn duty to safeguard attorney client

10   communications and simply denied the existence of an attorney-client relationship

11   when he saw that doing so might serve his own personal interests.

12       Next, the Government argues that, contrary to Ketner's argument that Johnson's

13   statements about how the crime was structured are not corroborated, in fact Johnson's

14   statements are backed up by "the factual basis in the plea agreement."  However, the

15   quoted statement from the plea agreement does not support the government's

16   statement.

17       Next, the Government claims that another direct contradiction of Johnson's

18   testimony against Ketner is a "minor fact" that would not have affected sentencing,

19   even though it directly contradicts Johnson's attempts to blame all of his own criminal

20   conduct on Ketner, and thus undermines Johnson's information generally.

21       Next, the Government contends that it was not material to this Court's sentence

22   of Ketner that Johnson was the only source of information that Ketner told an attorney

23   to set up an offshore account (even though it was Johnson who had experience in

24   money laundering and off shore accounts).  Again, the Government resorted to simply

25   listing some (not all) of the evidence and arguments in the moving papers, and then

26   belittling the information, and concluding that each such fact would not have affected

27   this Court's sentence, without explaining why that might be.

28

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1  Next the Government claims the Court "could have come to th[e] conclusion"

2  that the sentence was justified based on the "longevity and sophistication" of the crime

3  based on the factual basis in the plea agreement, without citing to any language

4  supporting that conclusion.  Of course, this conclusion is belied by the fact that at

5  most, the stipulation of facts show that Ketner's crime lasted no longer than between

6  February of 2000 (when he admitted becoming aware of the problems) and at the latest,

7  July of 2000.   Contrary to the Government's blythe assumption that a fraud that

8  involved $9.2 million "would have to have occurred over a long period of time and by

9  sophisticated."  Government's Brief, p. 13, lns. 3-4.  In fact, the scheme to defraud

10  admitted by Ketner in his plea agreement was between February and August of 2000

11  (See Indictment, p. 19, lns. 7-11) and Ketner pled guilty to counts 9 and 16, both

12  alleging May 22, 2000 wires, one in furtherance of this 6 month fraud, and the other

13  in furtherance of an alleged 18 month money laundering scheme.  The Government

14  does not establish that this statement by the Court defeats defendant's motion.

15  Next, the Government misses the point about Ketner's reference to repeated

16  assertions in the PSR that particular actions were taken by "Johnson and Ketner"

17  because Ketner's point is that he objected to the PSR at his sentencing, but because

18  there was nothing of substance to show that these statements (which were all based on

19  Johnson's allegations against him) should be viewed as lacking credibility in light of

20  Johnson's other dishonest conduct -- not considered by this Court because it was not

21  presented by defense counsel.

22  Finally, the Government discusses the allegation of gambling, which Ketner uses

23  in his motion as a mere example of how virtually everything Johnson said, without any

24  support, became the Government's firmly established "facts" and how they were used

25  to portray Ketner in a light worse than the true facts required.  The only thing the

26  Government says about this allegation, however, is that Ketner's counsel asserted he

27  did not have a gambling problem, and was, therefore, not deficient, even though the

28

1   Government concedes that counsel did not effectively, with the evidence available to

2   him at the time, do anything to challenge Johnson's credibility.

3       The Government concludes by stating -- not showing -- that the "factual basis

4   itself provides support for a mid-range sentence." <u>Government's Brief</u>, p. 13, lns. 24-

5   25.

6       But, of course, the Court did not sentence based solely on the factual basis, but

7   presumably on the PSR, which contained great reliance on Johnson's credibility, and

8   on the papers of the Government, which did not bother to provide information it had

9   in its possession, and which it have given to the defense which reasonably undermines

10   that credibility, and on defendant's papers which also failed to provide available

11   information which undermined Johnson's credibility.

12       Additionally the Government's opposition does not respond, at all, to: (1)

13   Ketner's disparity arguments based on the Johnson sentencing transcripts and the

14   relevance of Johnson's credibility to that issue; or (2) the many other aspects of the

15   moving papers showing that: (a) Johnson forged documents to shift the blame to

16   Ketner; and (b) he created an elaborate scheme to prevent tracing funds he was taking

17   to himself.

18       Because the moving papers establish numerous instances of evidence and facts

19   and arguments available to defense counsel which would have undermined numerous

20   aspects of the Government and PSR basis for the sentence, this Court is urged to

21   conclude that Ketner is entitled to relief.

22       Nor did the Government even address the fact that Johnson received a 3-level

23   windfall reduction in his sentence based on the Government's position at Johnson's

24   sentencing that Ketner had received such a reduction, over and above the six levels

25   Johnson received for his cooperation against Ketner, resulting in an even greater

26   disparity between Ketner and Johnson, who should have been seen as virtually equal

27   to one another, with Johnson's cooperation as the only distinguishing factor. Even that

28   factor should have been discounted in view of his dishonesty and demonstrable lies,

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

1    of which the Court was unaware when it sentenced Johnson, which had the effect of

2    increasing Ketner's sentence while lowering Johnson's.

3        Of course this Court cannot re-sentence Johnson to more time, but it can remedy

4    the disparity by at least reducing Ketner's by the six months within the range he agreed

5    to argue for in his plea agreement.

6

7                                    **E.**

8        **THE CERTIFICATE OF APPEALABILITY ISSUE IS PREMATURE**

9        Should this Court deny the defendant's motion, Defendant may seek a certificate

10   of appealability, however, he will do so in due course once the grounds of this Court's

11   ruling is known, rather than assuming what those grounds may be.

                                     **IV.**

12                                <u>**CONCLUSION**</u>

13

14

15       For the foregoing reasons, this Court is urged to grant the relief prayed for in the

16   instant motion.

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

Declaration of William J. Kopeny

I, William J. Kopeny, say:

1.    I am an attorney at law and a member of the bar of the State of California and of this Court.

2.    I am counsel of record for the Defendant herein on his Motion to vacate the sentence pursuant to Section 2255.

3.    I have been practicing criminal law since December 20, 1974, when I was sworn in as member of the bar of the this Court, for the Central District of California. I have been certified as a specialist in the areas of criminal law and appellate law by the California State Bar and I have handled both federal criminal appeals and federal habeas corpus matters since approximately 1984.

4.    I was counsel in *United States v. Pirro*, *supra*, in the Ninth Circuit Court of Appeals, cited in the foregoing Reply Brief.

5.    I was also counsel on direct appeal for Mr. Ketner, the moving party herein.

6.    I *did* argue on appeal that the Government (and this Court) relied on hearsay information from several sources promoted by the Government which were unreliable under the due process rules requiring a sufficient indicia of reliability before such hearsay is considered to be sufficient to support an inference at sentencing under *United States v. Huckins*, 53 F.3d 276 (9th Cir.1995). That argument appeared at pp. 25-38 of the Opening Brief of the Appellant.

7.    In its brief on direct appeal, the Government argued, *inter alia*, that while Ketner correctly argued due process requires a minimal indicia of reliability, in this case, the "information obtained from the investigative reports was accompanied by sufficient indicia of reliability to merit consideration by the district court." Government's Answering Brief, p. 26. It also *relied on* statements of Johnson, as contradicting Ketner's position on appeal (*Id.*, p. 27), and noted that while Ketner "objects to the entirety of the statements of Roger Luby and Allen Johnson . . ." the

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

"only evidence cited . . . to refute Johnson's assertion that he had no attorney-client relationship with defendant is a note from Beverly Flemming to Allen Johnson forwarding a letter from an attorney regarding a notice of cancellation that she cannot handle." *Id,*, at p. 28.   The Government concluded, "The hearsay statements of defendant's former friends and colleagues were sufficiently trustworthy to form part of the factual basis for the contested mid-range guideline sentence." *Id.*, at p. 29.

8.   In its memorandum decision on direct appeal, the Circuit Court agreed with the Government.

9.   The Government's position on direct appeal makes it clear that the Government was continuing to promote Johnson's credibility, in part because trial counsel did not offer anything of substance to challenge it, or to support his objection (referenced at p. 27 of the Opening Brief of the Appellant, and quoted in the foregoing § 2255 Reply Brief) to Johnson's veracity.

Executed this September 2, 2009, at Irvine, California.

I declare under penalty of perjury that the foregoing is true and correct.

/S/

_____
WILLIAM J. KOPENY
Counsel for Defendant
KENNETH KETNER

WILLIAM J. KOPENY & ASSOCIATES
ATTORNEYS AT LAW
16485 LAGUNA CANYON ROAD, SUITE 230
IRVINE, CALIFORNIA 92618
(949) 453-2243

WJK-FEDERAL PLEADING- 2007

-19-