H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Attorney for Defendant
Ken Ketner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KEN KETNER<br><br>　　　　Defendant. | Case No. SA-CR-05-36-JVS<br><br>RESPONSE AND OPPOSITION TO PETITION FOR VIOLATION OF SUPERVISED RELEASE; DECLARATIONS<br><br>Date: 1-10-2014<br>Time: 9:00 AM |
|---|---|

Comes now defendant, together with counsel, and responds to the Probation Violation accusation dated Dec. 12, 2013. Mr. Ketner denies the allegation as set out below.

Dated: 1-6-2013         s./ H. Dean Steward

- 1 -

I. BACKGROUND

The Probation Office has alleged a single violation in their petition of Dec. 12, 2013. Simply put, Probation alleges the use of a credit card by Mr. Ketner to pay personal expenses, and those payments were not done through his U.S. Bank checking account. As indicated in the attached declarations, the Holiday Group, Inc.'s payment of the Capital One credit card expenses *were* for business expenses, some of which were Mr. Ketner's, and not for his personal expenses. Any personal expenses on the Capital One credit card paid by Mr. Ketner were done so with funds from his U.S. Bank checking account. As such, there was no violation.

II. THERE IS NO VIOLATION OF SUPERVISED RELEASE CONDITIONS

Mr. Ketner has disclosed both his checking account at U.S. Bank and a Capital One credit card to Probation[1]. He has provided Probation with timely statements from both. Indeed, many of the numbers and expenditures outlined in the Probation report came from the materials Mr. Ketner provided Probation, again promptly and without hesitation. Probation has been fully aware of the checking account (which is compliant with all conditions), and the Capital One card (used where checks or cash are not practical).

A.) Holiday Group, Inc.

As set out in the attached declaration of Michael Cardwell, the Holiday Group, Inc. company was set up to accommodate a business deal to profit from the purchase and sale of convertible debt. [See Cardwell declaration, attached]. Mr. Cardwell had succeeded in an earlier business venture of purchase and sale of

- 2 -

such debt, and was again presented with an opportunity in February of 2011. The company was set up [incorporation documents are attached to Mr. Cardwell's declaration], an investor located by Mr. Ketner, and Mr. Ketner's brother Karl agreed to assist with the company. [See Cardwell declaration].

In turn, attorney Thomas Russell explains in the attached declaration that he needed a bank account around January of 2012. He candidly sets out that his finances were in ruins, and the Holiday Group, Inc.'s bank account at Wells Fargo was a good fit to accept attorney's fees that had been "earned by my [Russell's] office." [See Russell declaration, p. 2, §9].

B.) Paying expenses

Mr. Ketner's personal expenses have been paid for, in the main, in cash over the period of his supervision. Around 50% of his disposable income, after restitution payments, was withdrawn from Mr. Ketner's personal checking account and used for that purpose. His bank statements clearly showing these withdrawals were submitted on time each month to Probation. This arrangement was fully disclosed to Mr. Ketner's Probation Officer.

Using cash to cover personal expenses was far easier than, for example, trying to write a personal check at a restaurant for lunch. Probation never asked for any receipts related to those cash withdrawals, nor commented negatively about this procedure. Any probationer/supervised releasee is entitled to "fair warning" that his or her activity is prohibited. *U.S. v. Tham* 884 F.2d 1262 1265

---

[1] Probation concedes as much at p. 4, §5 of the violation report.

(9th Cir. 1989). Mr. Ketner received none, in so far as the Capital One card and cash use for personal expenses goes.

Mr. Ketner deposited his earnings into the U.S. Bank account, and paid for the majority of his personal expenses in the manner described above. Indeed, Mr. Ketner had more than one conversation with either P.O. Noreen Dona or P.O. Terry Ginsburg about how and on what Ketner spent his income.

III. STALE ALLEGATION

It is now more than two years after the fact that this single allegation has arisen. Probation was provided with Capital One credit card statements starting in February of 2011, and have received them in a timely manner ever since. Usually, the Capital One statements have been attached to Mr. Ketner's half-yearly financial statements. They have also received the U.S. Bank statements each month, always on time.

If the Probation officer had an issue or objection to the use of the Capital One card for some personal expenses, this could have been resolved almost three years ago, without court intervention. Probation could have banned the use of the card when they were first notified that Mr. Ketner had it in February of 2011. Oddly, Mr. Ketner has *never* been questioned about his living expenses being paid in this manner, despite his full disclosures to Probation.

Instructive is *U.S. v. Hamilton* 708 F.2d 1412, 1415 (9th Cir. 1983), where the Circuit court found no notice to a defendant of a condition, because one of two Probation Officers did not enforce the condition. Writing for the court, now Justice Kennedy found that failure to complete weekend jail sentences by the

defendant was not actionable with a violation, because the Probation Officer felt the conduct was not "a notable or serious breach of his probation conditions." *Id.* at p. 1414, and had done nothing about it.[2] The opinion continued that, "Revocation of probation after unreasonable delay or under circumstances inherently misleading to the probationer is an abuse of discretion." *Id.* at p. 1415, citing *U.S. v. Tyler* 605 F.2d 851, 853 (5th Cir. 1979); *Greene v. Michigan Dept. of Corrections* 315 F.2d 546, 547 (6th Cir. 1963).

Likewise in this matter, the conduct at issue began occurring nearly three years ago, and on the very eve of the expiration of supervised release (which expires Jan. 13, 2014), Probation chose to file a last minute violation allegation. Such a procedure violates Mr. Ketner's due process rights under the 5th Amendment. He has a right to "fundamental fairness", *Gagnon v. Scarpelli* 411 U.S. 778, 782 (1973); *Morrissey v. Brewer* 408 U.S. 471 (1972), *U.S. v. Hamilton*, supra, at p. 1414, and the stale filing of allegations involving conduct known to Probation almost three years ago is not fair.

IV. CONCLUSION

Because there is no violation, the pending petition should be dismissed.

Dated: 1-6-2014          s./ H. Dean Steward
                                         H. Dean Steward
                                         Counsel for Defendant
                                         Ken Ketner

---

[2] Ironically, the Probation officer and the court had known of Hamilton's failure for three years, the same amount of time that Probation here has been aware of Mr. Ketner's procedures.

- 5 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C., San Clemente, CA 92672.

    I am not a party to the above entitled action. On 1-6-2014, I have caused service of the defendant's:

**RESPONSE AND OPPOSITION TO PETITION RE SR VIOLATION**

on the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

AUSA DANIEL AHN- SA

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1-6-2014

s./ H. Dean Steward